FRED BEDARD, Appellant, v. P. F. SWEINHART, Appellee.

MASTER AND SERVANT: Workmen's Compensation Act—''Casual Employee.''   One is a "casual employee," within the exception of the Workmen's Compensation Act, where, after finishing a job of shingling a house, and while engaged on a job for another employer, he reported to his first employer that the chimney on said house needed a little cement, which he would put on for nothing, if his employer would get the cement, and left the other employment temporarily, and was injured in coming down from the work of putting on the cement.

*Appeal from Woodbury District Court*—GEORGE JEPSON, Judge.

JULY 2, 1919.

ACTION for damages by an employee against his employer for personal injuries sustained in the course of his. employment.   At the close of the evidence, there was a directed verdict for the defendant.   The plaintiff appeals.— *Affirmed.*

*Sears & Snyder,* for appellant.

*Fred W. Lohr* and *Henderson, Fribourg & Hatfield,* for appellee.

EVANS, J.—The plaintiff, as appellant, concedes that his own negligence contributed materially to the injury complained of.   In order to avoid the effect of his contributory negligence, he pleaded that his employment was within the provisions of the Workmen's Compensation Act, and that his employer had failed to comply with the requirements thereof, and that he had thereby waived the contributory negligence of the plaintiff.   The one question in the case is whether the plaintiff's employment came within the provisions of the Workmen's Compensation Act, or whether he was a "casual employee" only, within the meaning of the exception to such act.

It is conceded that the provisions of this act do not

apply to a "casual employee:" 'that is, to one whose employment is of a casual nature. The salient facts involved are that the defendant was engaged in the real estate business, and maintained an office. As a part of his business, he looked after the renting of property for others and of collecting the rent therefor and of keeping the same in reasonable repair. He employed the plaintiff to make some repairs in the way of shingling on the house of one of his patrons. While the plaintiff was engaged upon that job, the defendant requested him to fix a screen door and a cellar window at another place at an expense of 50 cents. The plaintiff was under considerable physical disability, and was not able to work but a few hours at a time. The agreement as to his compensation for the shingling was that he was to receive $2.00 for each thousand shingles laid. Under this arrangement, he did $5.00 worth of work in four days, which practically finished his employment. It appears, however, that he had discovered that a little cement was needed at the base of the chimney on the roof which he had been shingling, which fact he reported to his employer. He proposed that his employer get the cement for him, and he would put it on for nothing. He was at that time already at work upon another job for another man. When he received the cement from the defendant, he left the other job temporarily, and made the repairs upon the defendant's chimney. In coming down from this work, he received his injury. He testified also that, in the course of his conversation with the defendant, it was agreed that he would work for the defendant at other jobs, as they might arise, for 40 cents an hour. It is not claimed that there was any particular job in sight, or that the conversation had reference to any particular job.

The trial court held that the plaintiff was a "casual employee," within the exception to the Workmen's Compensation Act. We think the holding was clearly right.

If this was not a "casual employment," it would be hard to apply the term to any employment. The word "casual" is defined in the dictionaries as "coming without regularity; occasional; incidental;" "coming at uncertain times or without regularity, in distinction from stated or regular;" "a laborer or an artisan employed only irregularly." See Webster and Century Dictionaries. We do not find the authorities cited by the appellant as being applicable to the facts disclosed by this record. The following authorities support the holding of the trial court: *Blood v. Industrial Acc. Com.,* 30 Cal. App. 274 (157 Pac. 1140); *Hill v. Begg,* 2 K. B. (1908) 802; *Bargewell v. Daniel,* 98 L. T. N. S. 257; *Tombs v. Bomford,* 106 L. T. N. S. 823. The judgment below is, accordingly,—*Affirmed.*

LADD, C. J., PRESTON and SALINGER, JJ., concur.