JOHN DUNCAN, Appellee, v. IOWA RAILWAY & LIGHT COMPANY, Appellant.

**MASTER AND SERVANT:** Workmen's Compensation Act—"Casual"
1 Employment. Evidence held to present jury question on issue whether an employment was "casual."

**TRIAL:** Instructions—Unsupported Issue. It is erroneous to so in-

struct as to permit a jury to find that the working place of a servant was unsafe, for a reason having no possible support in the evidence.

MASTER AND SERVANT: Warning and Instructing Servant. Instructions relative to the duty of a master to warn an inexperienced and youthful employee of the dangers attending his work reviewed, and held proper.

MASTER AND SERVANT: Child Labor Act—Negligence Per Se. On the issue whether a child under 16 years of age had been employed in an occupation "dangerous to health, life, or limb," the jury must be specifically instructed as to each and every fact essential to be established in order to base a finding that the Child Labor Law had been violated and that the master had been negligent *per se*. Instructions reviewed, and held fatally lacking in explicitness.

DAMAGES: Future Pain, Etc.—Rule of "Reasonable Certainty." Damages for future pain and suffering are recoverable only in those cases where the occurrence of them is made *reasonably certain*, and the jury must be specifically so told. Instructions reviewed, and held violative of this rule.

MASTER AND SERVANT: Child Labor Act—Evidence in re Danger. An allegation that a plant was "dangerous to health, life, and limb," because of the presence (1) of gas fumes and (2) of dangerous wires and machinery, may not be supported by testimony to the effect that signs bearing the word "Danger" were posted on the buildings generally.

*Appeal from Boone District Court.*—G. D. THOMPSON, Judge.

APRIL 4, 1922.

OPINION ON REHEARING, SEPTEMBER 30, 1922.

ACTION for personal injury. Verdict for plaintiff, and defendant appeals.—*Reversed and remanded.*

*John A. Reed, Ralph Maclean, C. H. E. Boardman,* and *John A. Hull,* for appellant.

*Dyer, Jordan & Dyer,* for appellee.

FAVILLE, J.—The appellant operates an electric light plant at Boone, Iowa.

At the time of the injury complained of, the appellee, who sues by his father as next friend, was about fifteen years of age. On May 14, 1919, he left school, and went to the plant of the appellant, in company with a boy named Myers, and there met the chief engineer of the appellant, who asked the boys if they wanted work; and, being told that they did, the engineer said he had a little work to be done. He set the two boys to unloading a car of brick, which they worked at about an hour, and he then told another employee, one Merrick, to take the two boys and clean out the combustion chamber of the furnace. This combustion chamber, it appears, is common to all boilers. It is a room in the back of the boiler where the soot and cinders collect before the smoke passes into the smoke stack. This chamber in appellant's furnace is about 8x12 feet in size, and at the bottom, next to the floor, was an opening of about 12x14 inches, through which the ashes, soot, and cinders which collect in the chamber are removed. Unless the fires are out and the furnace has cooled down, this combustion chamber is always a hot place, and was very hot on this occasion.

The ordinary and usual manner of cleaning the chamber was from the outside, by reaching through this opening with a long-handled shovel. Appellee and Merrick were furnished with such shovels.

When the parties got to the furnace room, for the purpose of undertaking the work, the appellee voluntarily lay down on the floor and crawled through this opening into the combustion chamber, and Merrick followed him. Appellee took the shovel that had been furnished him into the combustion chamber with him, and started to shovel the hot ashes out. He had shoveled out three or four wheelbarrows full before the injury occurred.

Merrick had taken a hose inside the combustion chamber, and turned water into the pile of hot soot, ashes, and cinders. This resulted in the formation of steam and in an eruption which threw the wet and hot material around the feet and legs of the appellee, causing serious burns below the knees.

I. It is one of the contentions of the appellant that the appellee comes within the terms and provisions of the Workmen's Compensation Act, and hence cannot maintain this ac-

1. MASTER AND
SERVANT: Work-
men's Compen-
sation Act:
"casual" employ-
ment.

tion; and that the court should have directed a verdict for the appellant upon this ground.

The court submitted to the jury, under proper instructions, the question as to whether or not the employment of the appellee was purely casual, and directed the jury that, if they found that the employment of the appellee was casual, then he did not come under the terms and provisions of the Workmen's Compensation Act, and could maintain this action. The court properly defined to the jury, by its instructions, what constitutes casual employment, within the meaning of the Workmen's Compensation Act. Said instruction is in accordance with our holdings in construing this act. *Bedard v. Sweinhart,* 186 Iowa 655; *Herbig v. Walton Auto Co.,* 191 Iowa 394; *Porter v. Mapleton Elec. Light Co.,* 191 Iowa 1031; *Oliphant v. Hawkinson,* 192 Iowa 1259.

There was no error in submitting this question to the jury, and the finding of the jury has support in the evidence. The could did not err in refusing to direct a verdict upon this ground.

II. It is the appellant's contention that there was no proof of negligence on the part of the appellant, justifying a submission of the case to the jury.

2. TRIAL: instruc-
tions: unsup-
ported issue.

The court submitted to the jury four grounds of alleged negligence on the part of the appellant: First, the failure to furnish a reasonably safe place to work; second, failure to warn the employee of the danger; third, failure to instruct the employee so that he would fully understand and appreciate the danger of his work; fourth, negligence by reason of employing a person under sixteen years of age at a work or occupation in which, by reason of its nature or the place of employment, the health of such person may be injured, or giving employment in an occupation dangerous to life or limb.

There was a general allegation in the petition that the appellant was guilty of negligence in failing to provide and maintain a safe place for the appellee to work. There were no specifications in the petition with regard to the manner in which it is claimed that the place where the appellee was to work was unsafe, unless it is to be found in an allegation that "in said

plant of said defendant there were many wires carrying high voltage, switchboards and panels to which wires charged with high voltage are connected, flywheels, and other moving machinery and parts thereof with which the plaintiff's son, because of his youth and inexperience, might or could come in contact, and his life or limb be in danger.''

It is the contention of the appellee that this allegation with respect to the electric wires and other appliances in appellant's plant was not pleaded by appellee for the purpose of making the existence of the same a ground of negligence, but solely for the purpose of showing that the appellee, being under sixteen years of age, was employed by appellant in an occupation that was prohibited by the so-called ''Child Labor Statute'' of the state.

The contention now made by the appellee in argument was, however, in no manner pointed out by the court in his instructions to the jury in the trial of the cause. No proof whatever was offered in regard to the existence of the electric wires, switchboards and panels, flywheels and other moving machinery at appellant's plant, as pleaded in the petition. The court, however, in submitting to the jury the grounds of negligence, told the jury that it was the duty of the employer to use reasonable care and diligence to furnish an employee a reasonably safe place in which to work. In defining the issues, the court set out in full the allegations of the petition above referred to respecting the high-voltage wires, switchboards and panels, flywheels and other moving machinery, regarding which no proof whatever had been offered. So, in respect to this matter, the situation was left where the court stated to the jury, as one of the issues in the case, the allegations of the petition respecting the existence of the dangerous instrumentalities described, and after so doing, told the jury that one of the grounds of negligence was failure to furnish the employee with a safe place in which to work, and. told the jury that it was the duty of the employer to use reasonable care and diligence to furnish such safe place.

With the record in this form, we think the court erred in the manner of submitting the matter of the alleged negligence of the appellant in failing to provide the employee with a safe

place in which to work. The court should not have submitted to the jury, as an issue in the case, the existence of the high-voltage wires and other appliances referred to in the petition, in view of the fact that there was no evidence to sustain the allegation. The court should have eliminated from the instructions any reference whatever to the matters about which no proof whatever had been offered.

We shall discuss this allegation of the petition in another division of this opinion, but at this point we hold that it was error on the part of the court to submit, as an issue in the case, the allegation respecting the existence of high-voltage wires and other dangerous appliances, and without any further explanation, to instruct the jury that the appellant was liable for negligence if it failed to furnish the appellee a safe place in which to work. As bearing on this question, see *Cresswell v. Wainwright,* 154 Iowa 167; *Morton v. Woods,* 154 Iowa 728; *Heisler v. Heisler,* 151 Iowa 503.

III. One of the grounds of negligence alleged was the failure on the part of the appellant to warn the appellee of the danger which would or might confront him in the execution of said work. The court instructed the jury that:

3. MASTER AND SERVANT: warning and instructing servant. "Where the employee is a minor and inexperienced, and by reason thereof does not know the danger, if any, of his employment, and that the employer, in the exercise of care, knew or ought to have known the danger of such employment, it is the duty of such employer to warn such employee of the danger, and to instruct him so that he will fully understand and appreciate the danger of his employment and the necessity for the exercise of due care in the performance of such employment; and a failure to so do would constitute negligence."

No instruction was requested by the appellant on the question of appellant's duty to warn the appellee. We do not think the instruction as given was erroneous, nor do we think that the court erred in submitting the question to the jury, under all of the facts and circumstances of the case. As bearing on the question, see *Atlanta & W. P. R. Co. v. Smith,* 94 Ga. 107 (20 S. E. 763); *Egan v. Sawyer & Austin Lbr. Co.,* 94 Wis. 137 (68 N. W. 756).

IV.  It was also a question for the jury to determine whether, under the facts and circumstances, there was negligence on the part of the appellant in failing to instruct the appellee in regard to the proper manner in which he should perform the work which he was instructed to undertake.  It was for the jury to determine whether or not it was negligence on the part of the appellant not to do more, under the circumstances, than to furnish the appellee with a long-handled shovel and direct him to clean out the combustion chamber of the furnace.

It is strenuously argued by the appellant that it could not have anticipated that the appellee would crawl through the small opening and get inside the combustion chamber and attempt to clean it out from there, or remain therein while his coemployee was pouring cold water upon the hot ashes and cinders therein.  However, it became apparent from what was actually done by the appellee that there were two methods available of removing the cinders and soot from the combustion chamber.  The evidence showed that the usual and ordinary method was by reaching through the aperture with a long-handled shovel.  It could also be done in the method undertaken by the appellee.

We think it was a question for the jury to determine whether or not, under the facts and circumstances disclosed, it was the duty of the appellant to instruct the inexperienced employee in regard to the proper manner of performing the work which he was to undertake, and whether or not the appellant was liable for negligence in failing to so instruct the appellee.  The duty to instruct is closely allied with the duty to warn.

The court did not err in submitting to the jury the question for them to determine as to whether or not, under all of the facts and circumstances disclosed by the record, there was negligence on the part of the appellant in failing to instruct the appellee in regard to the proper manner of performing the work which the appellee undertook to do.

V.  The court instructed the jury, as a part of Instruction No. 7, that:

"The law of this state forbids any person from employing

4. MASTER AND SERVANT: Child Labor Act: negligence *per se.* any person under sixteen years of age at any work or occupation by which, by reason of its nature, or the place of employment, the health of such person may be injured, or in any occupation dangerous to life or limb; and the employment of such person under such conditions would constitute negligence.''

This portion of the instruction, it is claimed by the appellee, was framed in view of the provisions of Section 2477-b of the Supplemental Supplement to the Code, 1915. Said provisions are as follows:

''No person under sixteen years of age shall be employed at any work or occupation by which, by reason of its nature or the place of employment, the health of such person may be injured, or his morals depraved, or at any work in which the handling or use of gunpowder, dynamite or other like explosive is required, or in or about any mine during the school term, hotel, bowling alley, pool or billiard room, or in occupations dangerous to life or limb and no female under twenty-one years of age shall be employed in any capacity where the duties of such employment compel her to remain constantly standing.''

This statute is penal, and violation of its terms and provisions constitutes a crime, punishable by fine and imprisonment.

The petition alleged that the employment of the appellee ''was illegal and forbidden by law, in that the work to which he was assigned was injurious to his health, in that, in performing said work, he was obliged to inhale gas fumes, particles of hot soot, and hot defiled air, with injurious effect to his lungs, and the character of work to which he was assigned was dangerous to life or limb, because of the matters herein set forth. The plaintiff further shows to the court that in the plant of said defendant there are many wires carrying high voltage, switchboards and panels to which wires charged with high voltage are connected, flywheels, and other moving machinery and parts thereof, with which the plaintiff's son, because of his youth and inexperience, might or could come in contact, and his life or limb endangered.''

We have heretofore referred to the fact that there was no evidence to sustain the allegations of the petition with regard

to the existence of the wires carrying high voltage, or with regard to the other instrumentalities referred to.  There is also no evidence in the record that the appellee, in performing said work, was obliged to inhale gas fumes, particles of hot soot, and hot defiled air, with injurious effect to his lungs, or that he did inhale the same.  There was expert evidence to the general effect that in any combustion chamber in a furnace, at the time it is in use with a fire in it, there would be "more or less" gas, and that such gas is carbon dioxide and injurious to the lungs.

The court submitted to the jury, as one of the issues in the case, the allegation above set forth, to the effect that it was claimed by appellee that the employment of the appellee was illegal and forbidden by law, in that the work to which he was assigned was injurious to the health, in that, in performing said work, he was obliged to inhale gas fumes, particles of hot soot, and hot defiled air, with injurious effect to the lungs; and also submitted, in the same connection, the allegation that in the plant of the appellant there were wires carrying high voltage, switchboards and panels, flywheels, and other moving machinery.  With these allegations submitted as one of the issues in the case, the court gave the instruction above quoted in regard to the employment of a person under sixteen years of age at any dangerous work or occupation, and that such employment would constitute negligence.  No further instructions were given on the subject.

We think that this instruction failed to adequately and fully submit to the jury the essential things that the jury must find in order to charge the appellant with negligence *per se*.

The appellee based his claim that such employment was illegal and constituted negligence *per se* on three grounds, namely: that he was under sixteen years of age; that the occupation was dangerous because of the presence of gas fumes, which might be injurious to the lungs; and that the place of employment was dangerous because of the presence of electrical wires and machinery.

The jury should have been told that, before the appellant could be held negligent as a matter of law in employing the appellee, it must appear from the evidence that the appellee was under sixteen years of age, and was employed in a place

or at an occupation that was rendered dangerous to life or limb
because of the things claimed by appellee that made said place
or occupation dangerous, to wit: the presence of gas fumes or
the presence of dangerous wires and machinery. Nothing of
the kind was pointed out to the jury by the court; and, as be-
fore stated, there was no evidence whatever to sustain the alle-
gations of the petition in regard to the presence of dangerous
wires and machinery. It is also doubtful if, under the record,
there was proof of the existence of any gas fumes in the com-
bustion chamber at the time the appellee was injured.

Under the circumstances, it was the duty of the court to
instruct the jury clearly and explicitly upon this question. The
rule of *res ipsa loquitur* has no application here. The appellee
claimed that the employment was illegal, and therefore consti-
tuted negligence *per se*. This presented a fact question, upon
which the jury should have had explicit instructions as to mat-
ters essential to be established in order to charge the appellant
with negligence *per se* by reason of a violation of said statute.
This was not done.

VI. The petition contains the following allegations:

"That said child's limbs are greatly disfigured and will
forever remain in said condition, and that because of said dis-
figurement he is caused great mental suffering, mortification,
and humiliation, such disfigurement making him
an object of pity; and that plaintiff further
charges that, because of negligence of said de-
fendant, the earning capacity of said child has been greatly
decreased, and will forever be less than it would have been had
said child not sustained said injuries; and the plaintiff avers
that said child is permanently injured."

5. DAMAGES: fu-
ture pain, etc.:
rule of "reason-
able certainty."

These are the only allegations that in any manner refer to
future damages. In instructing the jury in regard to the mat-
ter of damages, the court gave the following:

"In determining said amount, you will take into consid-
eration the proof, if any, showing the mental pain and suffer-
ing sustained by him by reason of his injuries; any pain or suf-
fering, if any you find he will sustain in the future, resulting
from such injuries; the proof, if any, of the probable effect of
the injuries in the future upon his health; and also any reduc-

tion of his power and capacity to earn money, if any, in the future after he has arrived at the age of twenty-one years, or to pursue the course of life he might, but for his injuries, have pursued after he arrives at the age of twenty-one.''

In *Fry v. Dubuque & S. W. R. Co.*, 45 Iowa 416, the instruction to the jury was that they should give such damages ''as fairly compensate her for all past, present, or future physical suffering or anguish which is, has been, or may be caused by such injury.'' We said that the instruction was too broad, and that the jury should have been directed that they might give the plaintiff damages for such future pain ''as it was reasonably certain from the evidence she would suffer.'' The case was reversed.

In *Ford v. City of Des Moines*, 106 Iowa 94, the *Fry* case was approved and followed.

In *Hall v. Cedar Rapids & M. C. R. Co.*, 115 Iowa 18, we disapproved an instruction that permitted recovery for future pain ''which she may in the future suffer, if any, in consequence of the alleged injury.'' It was held that this permitted the jury to enter into the realm of speculation regarding future suffering.

The same rule was announced in *Williams v. Clarke County*, 143 Iowa 328, wherein we again announced that the instruction in respect to future damages should be limited to such damages as were reasonably certain to be caused by the injury. See, also, *Sanders v. O'Callaghan*, 111 Iowa 574.

In *Kendall v. City of Albia*, 73 Iowa 241, we refused to reverse where the court told the jury:

''With reference to future damages, you should be satisfied from the evidence that they will probably be sustained by the plaintiff.''

In *Bailey v. City of Centerville*, 108 Iowa 20, the instruction allowed the jury to assess damages if they found from the evidence that ''such disability will probably continue.'' We said:

''Reasonable certainty that future pain and suffering or loss of capacity will follow is all that is required. When we say that it is 'likely' or 'probable' that such results will follow, we mean the evidence preponderates that way, and there is that

reasonable certainty which the law requires. Something more than mere conjecture is necessarily implied. Moreover, in the same instruction, the court plainly instructed that plaintiff could only recover such damages as were caused solely by the accident, and that the jury must be guided by the evidence in determining whether or not there would be future damage. While it would have been better to use the words 'reasonably certain,' yet, looking to the whole instruction, we think that idea was conveyed, and that there was no prejudicial error.''

In *Woodworth v. Iowa Cent. R. Co.*, 170 Iowa 697, we criticised an instruction that permitted the jury to allow for any ''pain and suffering that he may endure in the future, as shown by the evidence in the case, if any he will suffer in the future,'' and ''all as established by the evidence admitted.''

Where damages may be recovered for future loss, such damages must be limited to such loss as it is shown by the evidence will be reasonably certain to be suffered in the future. The instruction given in the instant case does not meet with our approval. It should not be given in this form upon retrial of the case.

VII. Over the defendant's objection, the plaintiff was permitted to introduce evidence to the effect that there were signs posted at the doors of the appellant's power plant which bore

6. MASTER AND SERVANT: Child Labor Act: evidence *in re* danger.

the word ''Danger'' on them. There was no showing that these signs were placed on the building where the appellee was employed, although we assume such to be the fact. The appellant's objections to this testimony should have been sustained. The appellee was claiming that his employment was illegal under the statute, because the place where he was employed and the occupation in which he was engaged were dangerous on the two grounds heretofore set out and discussed. The admission of the evidence of the existence of the danger signs at some of the doors of the power plant, without further proof of any kind in regard to said matter, was improper, and we think said evidence was prejudicial to the appellant.

Other errors argued by the appellant are not likely to occur upon a retrial of this cause.

For the reasons pointed out, the judgment of the lower

court is reversed, and the cause remanded for new trial.—*Reversed and remanded.*

STEVENS, C. J., EVANS and ARTHUR, JJ., concur.