OLLA KENT, Appellee, v. FRED V. KENT et al., Appellants.

**MASTER AND SERVANT:** Workmen's Compensation Act—Clerical
1 **Employee—Compensable Injury.** The Workmen's Compensation Act, in providing, in effect, that a clerical employee shall not receive the benefits of the act *except when he is subject to the hazard of the employer's business* (Sec. 1421, Par. 3b, Code of 1924), renders compensable an injury to a clerical employee proximately resulting from passing down a stairway from his place of work and tripping over a scale which in part extended through the open part of the stairway and across the stairway pathway; and it is immaterial that the occasion of passing down the stairway did not pertain to the employer's business.

DE GRAFF, C. J., and STEVENS and ALBERT, JJ., dissent.

**MASTER AND SERVANT:** Workmen's Compensation Act—Unsup-
2 ported Findings by Commissioner. The finding of the industrial commissioner, on nonsupportable or insufficient testimony, that an injury to a clerical employee was not the proximate result of a hazard of the employer's business, is reviewable by the appellate court.

Headnote 1: Workmen's Compensation Acts C. J. p. 47. Headnote 2: Workmen's Compensation Acts C. J. p. 123.

Headnote 1: L. R. A. 1917D, 146; L. R. A. 1918F, 190; 28 R. C. L. 722. Headnote 2: L. R. A. 1916A, 268; 28 R. C. L. 829.

*Appeal from Wapello District Court.—W. M. WALKER, Judge.*

April 6, 1926.

Rehearing Denied December 16, 1926.

The ·plaintiff petitioned the industrial commissioner for an arbitration of her claim for compensation under the Workmen's Compensation Act. The cause was heard before a deputy commissioner, who denied compensation; and on review by the commissioner, this order was affirmed. The district court, on appeal, reversed the order of the commissioner, and awarded plaintiff compensation. The defendants appeal from the award so made. —*Affirmed.*

*Miller, Kelly, Shuttleworth & McManus,* for appellants.

*Chester W. Whitmore,* for appellee.

Vermilion, J.—The facts are not in dispute. The appellee was employed in a grocery store, as cashier and bookkeeper, at clerical work only. Her duties were performed on a raised platform some 8 feet above the main floor of the store, which was reached by a steep flight of steps 18 inches wide, with steps 8 inches in width, 10 inches apart, and with no risers between the steps. At the time of the injury complained of, appellee was descending the steps. A platform scale was standing on the floor of the store beneath the stairway, with its arm projecting through the stairway from the rear, and partially covering one of the steps. Appellee was tripped by the arm of the scale, and injured. The amount to which she would be entitled, if entitled to compensation at all, was conceded.

*i. Master and Servant: Workmen's Compensation Act: clerical employee: compensable injury.*

I. Appellant questions the sufficiency of the notice of appeal to the district court from the decision of the commissioner. The question is raised for the first time in this court, and cannot be considered.

II. Section 2477-m16, Code Supplement of 1913, in force at the time of the injury, provided, in part, as follows:

"In this act unless the context otherwise requires: * * * 'Workman' is used synonymously with 'employee,' and means any person who has entered into the employment of, or works

\* \* \* for an employer, except \* \* \* those engaged in clerical work only, but clerical work shall not include one who may be subjected to the hazards of the business \* \* \* ''

The statute is not happily worded; but its evident purpose was, and its effect is, to first exclude from the operation of the Compensation Law, as a class, employees engaged in clerical work only, and then to extend the benefits of the law to those of the excluded class who, notwithstanding the fact that their employment is clerical only, are, nevertheless, subjected to the hazards of the business of the employer.

The facts of this case and the manner of its presentation here require us to determine only that the benefits of the act are extended to an employee of the excluded class when the injury complained of proximately results from, or is occasioned by, a hazard of the business; and our decision goes no further than this.

It is conceded by counsel for appellee that she was employed in clerical work only, and that the commissioner properly so found. The sole contention of appellee is that her injury was occasioned by a hazard of the business. It is further conceded, as we think it must be, that the phrase "hazards of the business" means the hazards of the employer's business,—not a hazard incident to the clerical employment of the employee. The business of the employer was the operation of a grocery store. The inquiry is, therefore, whether appellee's injury was proximately caused by a hazard of her employer's business of conducting a grocery store, as distinguished from a hazard incident merely to her clerical employment.

The industrial commissioner found that it was not so caused. It is contended that the finding of the commissioner was conclusive upon the court below, and is conclusive upon this court.

The finding of the commissioner upon disputed facts is on the same footing as the verdict of a jury. *Flint v. Eldon*, 191 Iowa 845; *Sparks v. Consolidated Ind. Coal Co.*, 195 Iowa 334.

2. MASTER AND SERVANT: Workmen's Compensation Act: unsupported findings by commissioner. His finding is conclusive, if the facts found by him support the finding, and if there is competent evidence to warrant the order made. Section 17, Chapter 270, Acts of the Thirty-seventh General Assembly; *Rish v. Iowa Portland Cement Co.*, 186 Iowa 443; *Springsteel v. Hanford Produce Co.*, 195 Iowa 1057; *Park-*

*inson v. Brown-Camp Hdw. Co.*, 195 Iowa 519. But if the facts found do not support the order, or if there is not sufficient competent evidence to warrant the commissioner in making the order or decree, it may be set aside by the court. *Rish v. Iowa Portland Cement Co.*, supra; *Bidwell Coal Co. v. Davidson*, 187 Iowa 809; *Sparks v. Consolidated Ind. Coal Co.*, supra.

As we have said, there is no dispute as to the facts; but we are of the opinion that they do not support the conclusion of the commissioner that the injury to appellee was not caused by a hazard of the employer's business. If it be conceded that the stairway, as constructed, from its use merely to reach the place where appellee performed her purely clerical work, was no more a hazard of the grocery business than the platform on which or the appliances with which she performed such work, that is not the end of the inquiry. Appellee's injury was not caused by the stairway alone, but by the combination of the open steps in the stairway and the projecting arm of the platform scale. The scale was a thing in no manner connected with appellee's clerical employment. Obviously, its use was confined to the operation of the grocery business. If or when the scale, in combination with the stairway, constituted or became a hazard, it was a hazard, not of the appellee's clerical employment, but of the grocery business conducted by the employer. If articles for sale in the grocery store had been stored or placed on the stairway, and appellee's injury had been caused thereby, we think it could not be contended that the hazard was not a hazard of the grocery business, as distinguished from a hazard of her clerical employment only; such as an injury from the pen she used, or from the breaking of the chair she occupied when at her work.

We also think it will not do to say that the phrase "hazards of the business," as found in the statute, means only an apparent, known, or anticipated hazard; or a thing recognized as inherently hazardous or dangerous. It means anything connected with the business of the employer, as distinguished from the clerical employment, that is the proximate cause of injury to one whose employment is clerical only. The Compensation Act provides for the payment of compensation "for any and all personal injuries sustained by an employee arising out of and in the course of the employment." To be compensable, it is not necessary that the injury be caused by a thing that is inherently, or is

known to be, hazardous or dangerous; and, of course, it is not necessary that the injury result from negligence of the employer. In the case of one whose employment is clerical only, but who receives an injury caused by a hazard of the employer's business, it would seem to be no more essential that the hazard be a thing inherently dangerous, or known to be dangerous, than in the case of an employee in all respects within the protected class.

Nor do we think it essential to a right to compensation for injury to a clerical employee that, at the time of injury, the employee be engaged in work that was a departure from the zone of clerical employment, such as, in this case, serving customers in the grocery store. If the employee, in addition to "clerical work," engaged in other work, not clerical, but pertaining to the carrying on of the business of the employer, he would not be engaged in "clerical work only." The statute affords protection to a clerical employee who is subjected to the hazards of the business and receives an injury caused thereby and arising out of and in the course of the employment, without regard to whether the thing being immediately done by the employee pertained to the clerical work or to the other work of the employer.

To so construe the statute denies to the clerical employee compensation for an injury caused by a hazard of the clerical employment, but affords protection when such an employee is subjected to a hazard of the employer's business aside from the clerical employment, and receives an injury arising out of and in the course of the employment, proximately caused by a hazard of such business.

The stairway afforded the only means of reaching or leaving the place where appellee was employed. It does not certainly appear from the evidence what the occasion was for her descent of the stairway at the time of her injury. She testified that she thought she was going to answer the telephone, but it is not shown whether the call was upon her employer's business or was for her personally. Her use of the telephone was not prohibited by the employer. The causal connection between the injury and the hazard of the employer's business appearing, the mere fact that, at the instant of receiving the injury, the appellee was going to answer a telephone call that is not shown to have been upon her employer's business, does not deprive her of compensation, under the liberal construction given to the Compensation

Law by the courts. Rish v. Iowa Portland Cement Co., supra, and cases there cited. In the Rish case we said:

"Injuries received while the workman was engaged in ministering to himself, such as warming himself, seeking shelter, quenching his thirst, taking refreshment, food, fresh air, or resting in the shade, have been held compensable."

In that case the injury resulted from the explosion of a dynamite cap, caused by the employee's striking a match to light a cigarette. We said that indulgence in smoking by workmen was reasonably to be anticipated by employers; that the lighting of a match was not in itself attended by the slightest hazard, and was rendered dangerous to plaintiff only from the presence of a powerful explosive used on defendant's premises. Here, appellee was engaged in her work in the appointed place. Her descent of the stairway with the obstructing scale arm subjected her to a hazard of the employer's business. The mere fact that the telephone call may have been for her personally had no causal connection with her injury.

Compensation statutes of other states contain no provision similar to that involved here, and the case is one of first impression.

We are of the opinion that the result reached by the district court is correct, and the judgment is—Affirmed.

EVANS, FAVILLE, and MORLING, JJ., concur.

DE GRAFF, C. J., and STEVENS and ALBERT, JJ., dissent.