In the Matter of the Claim of JOSEPH AIOSS, Respondent, against JOHN SARDO et al., Defendants.

MARYLAND CASUALTY COMPANY, Appellant; STATE INDUSTRIAL BOARD, Respondent.

(Argued October 2, 1928; decided November 20, 1928.)

*George J. Stacy, James J. Mahoney* and *William S. Sinclair* for appellant. There was no insurance by the Maryland Casualty Company covering the accident; the purported policy never had any inception as a policy, and the Maryland Casualty Company was not an insurance carrier for Sardo & Fiorentine. (*Satz* v. *Massachusetts Bonding & Ins. Co.*, 243 N. Y. 385; *Kwiakowski* v. *Brotherhood of Am. Yeomen*, 243 N. Y. 394; *Metzger* v. *Ætna Ins. Co.*, 227 N. Y. 411; *Feinstein* v. *Massachusetts Bonding & Ins. Co.*, 184 App. Div. 233; 230 N. Y. 621; *Wolowitch* v. *National Surety Co.*, 152 App. Div. 14; *Sabatelli* v. *De Robertis*, 192 App. Div. 873; 230 N. Y. 592; *Streat Coal Co.* v. *Frankfort Gen. Ins. Co.*, 237 N. Y. 60; *Lansing* v. *Hayes*, 196 App. Div. 671; 233 N. Y. 614; *Astrin* v. *East New York Woodwork Manufacturing Co.*, 210 App. Div. 720; *Levine* v. *East New York Electric Corp.*, 210 App. Div. 730; *Matter of Jennings* v. *Visscher*, 217 App. Div. 417.)

*Harry L. Wechsler* for John Sardo et al., respondents. Since the record contains no evidence of fraud or falsity of warranty, or that any warranties were made to the appellant by the employers, the failure of the employers to notice the inclusion in the policy of erroneous and unauthorized declarations will not justify avoidance of the policy by the appellant. Compensation policies, involving the rights of employees as well as those of employer and carrier, can be terminated only in the manner provided by the act. There is no legal precedent for the avoidance of such a policy *ab initio*, when once issued, and more particularly after an employee has been injured. (*Satz* v. *Massachusetts Bonding & Ins. Co.*, 243 N. Y. 385; *Post* v. *Burger*, 216 N. Y. 544.)

*Albert Ottinger, Attorney-General* (*E. C. Aiken* of counsel), for State Industrial Board, respondent. The policy issued by the Maryland Casualty Company was in force until properly canceled. (*Skoczlois* v. *Vinocoure*, 221 N. Y. 276; *Satz* v. *Massachusetts Bonding & Ins. Co.*, 243 N. Y. 385.)

*Per Curiam.* There is here a distinct and independent contract with the employee. (Workmen's Compensation Law [Cons. Laws, ch. 67], sections 10, 25, 50, 54.) So the policy itself provides. It adds " the obligations and promises of the company as set forth in this paragraph shall not be affected by the failure of the employer to do or refrain from doing any act required by the policy," and further that the company shall be bound by any award rendered against the employer. Under these circumstances, as between the insurance carrier and the employee the fact that a policy is issued upon untrue statements made by the employer is no defense. (*Hastings* v. *Westchester Fire Ins. Co.,* 73 N. Y. 141.) To relieve the carrier of liability there must be a cancellation as provided in section 54.

The order should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Order affirmed.