H. R. EVELAND, Claimant Appellee and Cross Appellant, v.
NEWELL CONSTRUCTION AND MACHINERY COMPANY
et al., Employer Appellant and Cross Appellee.

No. 45630.

JUNE 17, 1941.

MODIFIED AND REHEARING DENIED SEPTEMBER 19, 1941.

Dwight Krumboltz and Jordan & Jordan, for appellant

Newell Construction and Machinery Co., cross appellee, Charles E. Newell.

Fisher & Fisher and John D. Randall, for appellee and cross appellant, H. R. Eveland.

MITCHELL, J.—On February 16, 1940, H. R. Eveland filed an application for arbitration against the Newell Construction and Machinery Co., in which he alleged that he sustained personal injuries arising out of and in the course of his employment at Cedar Rapids, Iowa, on November 13, 1939. The Newell Construction and Machinery Co. answered, in which it admitted that claimant was injured while painting Charles E. Newell's residence, but that he was painting this residence as an independent contractor and not as an employee and that the provisions of the Workmen's Compensation Act therefore do not apply.

Thereafter there was a hearing before the Hon. Ralph V. Woodcock, acting as sole arbitrator, and an award was entered allowing claimant compensation.

The Newell Construction and Machinery Company filed an application for review, and on the 6th of August, 1940, the Hon. John T. Clarkson, Industrial Commissioner, filed his opinion affirming the award.

The Newell Construction and Machinery Co. and Charles E. Newell, appealed from the decision of the Industrial Commissioner to the District Court of Linn County, Iowa, which court after a hearing affirmed the award as to the Newell Construction and Machinery Co. and reversed the Industrial Commissioner as to the award against Charles E. Newell.

The Newell Construction and Machinery Co. appealed to this court and the claimant, H. R. Eveland, filed a cross-appeal from that part of the judgment and decree of the lower court setting aside the award as to Charles E. Newell. The Newell Construction and Machinery Co. will be referred to as the appellant and H. R. Eveland, appellee and cross-appellant.

We will consider first the appeal of the appellant.

It is argued that Eveland's employment was purely casual and not connected with the trade or calling of the appellant. This record clearly shows a conflict in the testimony as to the nature of his employment. There is testimony that Eveland was em-

ployed to paint a number of houses, and when not painting he was to work in the shop operated by appellant. True this is denied, but this court has repeatedly said that a decision of an Industrial Commissioner based upon a conflict in fact, is conclusive upon the courts. Mallinger v. Webster Oil Co., 211 Iowa 847, 234 N. W. 254. This is also conceded by the appellant. We quote from appellant's brief:

"We understand that if the evidence presents a question of fact which the court should submit to a jury, then the fact finding of the Industrial Commissioner governs the District Court and this court."

It is strenuously argued that the lower court erred in sustaining the Industrial Commissioner's failure to find that Eveland was an independent contractor and as such was outside the protection of the Workmen's Compensation Act.

There is a sharp conflict in the testimony. Eveland had been a minister, a country preacher, but for some time before his injury he had no pulpit. Eveland was employed by Newell on an hourly basis. His employment according to Eveland was not for a single job, but for regular work, and when he was not painting he was to work in the shop of the appellant doing carpenter work. Mr. Newell directed what he should do and how it should be done. Newell furnished the paint. The first house was painted and it was while Eveland was working on the second house that he was injured. It is true that the house on which Eveland was working at the time he was injured was in the name of Mrs. Newell. The employment was by Newell. Eveland was paid by the bookkeeper of the appellant, and the payments were entered on the books of the Newell Construction and Machinery Co. True many of these facts are denied. There is a sharp conflict in the testimony, but there is evidence to sustain the finding of the Industrial Commissioner, and the lower court was right in so holding.

We come now to the cross-appeal of the appellee. It is argued that the action of the Linn County District Court was in error in holding that the Iowa Industrial Commissioner acted in excess of his powers in entering judgment against Charles E. Newell.

This record shows though that Charles E. Newell testified that he was the sole owner of the Newell Construction and Machinery Co. That the trade name was filed in the county recorder's office. That Mr. Newell testified as follows. We quote from cross-appellant's abstract:

"Q. Your name is Charles E. Newell?

"A. Yes, Sir.

"Q. And you are in business under the name of Newell Construction and Machinery Co., are you, in Cedar Rapids?

"A. Yes, Sir."

In addition to the testimony, Mr. Newell served notice of appeal to the District Court of Linn County from the ruling of the Industrial Commissioner.

Clearly under this record the Industrial Commissioner was right in holding that the Newell Construction and Machinery Company was a trade name, under which Charles E. Newell was doing business. The lower court erred in setting aside the decree and judgment as to Charles E. Newell and this case must be reversed on cross-appellant's appeal and remanded to the lower court, with instructions to enter judgment against Charles E. Newell. Appellant's motion to dismiss cross-appeal is overruled.—Affirmed on appellant's appeal; reversed on cross-appellant's appeal.

CHIEF JUSTICE and all JUSTICES concur.