DONOVAN BATES, Appellee, v. VIVIAN M. NELSON, employer, and HAWKEYE CASUALTY COMPANY, insurance carrier, Appellants.

## No. 47480.

(Reported in 38 N. W. 2d 631)

August 5, 1949.

Westfall, Laird & Burington, of Mason City, for appellants.

Breese & Cornwell, of Mason City, for appellee.

SMITH, J.—Defendants assign the following "propositions relied on": a. The work was purely casual and not for the employer's trade or business. b. The injury did not arise out of and in the course of claimant's employment. c. The work being performed at the time of the injury was not connected with or in furtherance of the employer's trade or business. d. The policy of insurance did not cover the work being performed at the time of injury.

The facts are undisputed. The defendant-employer operates a store and filling station. Her residence is around the corner in the same block about forty-five feet distant. She hired claimant to work in the store and filling station and to do odd jobs about the residence, expressly including the putting up and taking down of storm windows and screens at her home. Both claimant and employer testify to the terms of the employment. He was paid a fixed weekly wage which had been raised twice after he commenced work.

While engaged in putting on storm windows in the ninth month of his employment claimant fell from a ladder and fractured both heel bones. No issue is made as to the extent of his injury or the amount of compensation allowed. And on appeal it is not claimed he was a household or domestic servant.

The cause was submitted to the deputy industrial commissioner as sole arbitrator. He awarded compensation and thereafter the award was affirmed by the commissioner and later by the district court. The only testimony other than medical was that of the claimant and the employer who agreed in all essential respects.

I. It is not seriously argued, nor can it be, that claimant's injury did not arise out of and in the course of his employment. He was performing a part of the work he was expressly hired to do, and the causal connection is not questioned. No citation of authorities is necessary.

II. The defense does seriously argue that claimant's injury was not compensable because his employment when the injury occurred was "purely casual and *not for the purpose of the employer's trade or business.*" Section 85.61, subsection 3, paragraph a, Iowa Code, 1946. The argument assumes the real test of eligibility to compensation is in the part we have italicized of the quoted statutory language—that the employment must have been for the purpose of promoting the employer's trade or business.

The legislative history of what is now section 85.61, subsection 3, paragraph "a" was discussed in Herbig v. Walton Auto Co., 191 Iowa 394, 396, 182 N. W. 204; and again, in Oliphant v. Hawkinson, 192 Iowa 1259, 1262, 183 N. W. 805, 807, 33 A. L. R. 1433. The Oliphant opinion construes the language as a limitation on what is now section 85.1, subsection 2, which provides that the Workmen's Compensation Law shall not apply to "persons whose employment is of a casual nature." There was a time when the statute (now section 85.61, subsection 3, paragraph a) contained the word "or" instead of "and", resulting in disqualifying the employee for compensation if his employment was *either* "casual" *or* "not for the purpose of the employer's trade or business." The rule now seems well settled that in order to disqualify the employee his employment must be *both* "casual" *and* "not for the purpose of the employer's trade or business." Tepesch v. Johnson, 230 Iowa 37, 40, 296 N. W. 740; Gardner v. Trustees, 217 Iowa 1390, 250 N. W. 740; Oliphant v. Hawkinson, supra.

The Herbig v. Walton case was decided when the statute in question used the word "or" and we held the injury not compensable if the employment was either "casual" or "not for the purpose of the employer's trade or business." The Oliphant case, though later in this court, arose before the statutory substitution of "or" for "and". 192 Iowa, at page 1262. It is to be remembered the statute has since reversed that change and now reads as it originally stood. Gardner v. Trustees, supra (217 Iowa, at page 1397).

Defendants cite the Oliphant case, Tunnicliff v. Bettendorf, 204 Iowa 168, 214 N. W. 516, and Kent v. Kent, 202 Iowa 1044, 208 N. W. 709, as favoring their contention that since the employment was not for the purpose of the employer's business the employee must be denied compensation. But we do not so read these cases. In the Oliphant case the opinion expressly says at page 1263 of 192 Iowa, page 807 of 183 N. W.:

"In considering this case, we shall regard it as coming under Section 2477-m16, as originally enacted" (the equivalent of our present section 85.61, subsection 3, paragraph a) "and must squarely meet the question: 'Was the appellee a person whose employment was "purely casual" and "not for the purpose of the employer's trade or business?" ' "

Following this declaration the opinion says, page 1265 of 192 Iowa, 183 N.W., page 808: "* * * we hold that the employment of the appellee to assist in the building of a corncrib on the farm * * * was of a casual nature." Thereafter the opinion also determines that the employment was not for the purpose of the employer's trade or business and accordingly that claimant was not entitled to compensation. The decision is quite clearly based on the proposition that the employment was *both* casual and not for the purpose of any trade or business of the employer.

We concede the opinion in Tunnicliff v. Bettendorf, supra, does not clearly insist on the test laid down in the Oliphant case above discussed, namely, that in order to disqualify claimant it must appear his employment was *both* casual *and* not for the benefit of any trade or business of the employer. But we do not deem it a clear-cut repudiation of the holding in the Oliphant

case and the earlier case of Herbig v. Walton Auto Co., supra. On page 173 (first complete paragraph) of the Tunnicliff opinion (204 Iowa) there is a suggestion that under the decision in Eddington v. Northwestern Bell Telephone Co., 201 Iowa 67, 202 N. W. 374, the character of the employment and not the character of the work determines whether it is to be deemed casual. The employer in the Tunnicliff case insisted the claimant was engaged in service as a domestic and the industrial commissioner so found. The opinion seems, by implication, to uphold that finding, which the district court had rejected. On the whole we do not find in the Tunnicliff case all that is claimed for it by appellant here.

Kent v. Kent, supra, has no relevancy to the question we are discussing. In it claimant was engaged in clerical work, clearly not covered by the compensation act unless she was "subjected to the hazards of the business.". Section 2477-m16(b), Code Supplement of 1913, then in force (now repealed, chapter 68, section 1, Acts of Fifty-second General Assembly).

Notwithstanding language in some of our cases and inferences possibly derivable therefrom, we consider we are definitely committed to the proposition that under the statute as it now stands (and as it originally stood) the employee is not to be denied compensation (under section 85.61, subsection 3, paragraph a) unless his employment is both *casual* and *not for the purpose of the employer's trade or business*.

III. Was claimant's employment casual? If that question be answered in the negative it is conclusive of his right to compensation so far as section 85.61, subsection 3, paragraph a, is concerned. The trial court answered it thus: "The claimant was not hired to do the job which would be completed within a short time. The hiring was to, and did, extend over a substantial period and the fact that the particular item of work in which the injury occurred was of short duration would not cause the employment to be regarded as 'purely casual'. Plaintiff's employment was not for a single job or item of work but for regular and continuous employment." Citing Eveland v. Newell Constr. & Mach. Co., 230 Iowa 644, 298 N. W. 883, 32 Iowa L. Rev. 8, and Gardner v. Trustees, supra.

We agree with this conclusion. Under no fair definition of the term could we deem claimant's employment casual. It was regular and continuous. True, the work he was hired to do varied—perhaps from day to day. But his *employment* had no element of chance or contingency. It went on whether goods were to be sold, tires changed, gas station tended, stoves installed, washing machines delivered, or screens and storm windows interchanged. All these and other duties were included in his regular, steady and continuous employment. The particular work he was doing at a given time might, in a sense, be casual, but not so his employment. It was not temporary, but regular and permanent, no matter how changing, and even at times incidental, his various jobs might be. See definitions of the word "casual" in Bedard v. Sweinhart, 186 Iowa 655, 172 N. W. 937; Porter v. Mapleton Electric Light Co., 191 Iowa 1031, 183 N. W. 803. Extended discussion here seems unnecessary.

IV. There remains but one other assigned error. The industrial commissioner held claimant was within the insurance coverage and defendant-insurance company was ordered to pay the compensation awarded. The carrier on appeal argues:

"It is the position of the insurance carrier * * * that even if there was liability on the part of the employer * * * yet there is no liability on the part of the insurance carrier because the policy is not broad enough to cover the activities being conducted by the claimant at the time of his injury."

We cannot sanction a construction of our statute that places the insurance protection to the employee at the risk of possible contractual misunderstanding between the employer and the insurance carrier. Our statute requires that the employer's liability be insured, section 87.1, Code of 1946, except as he may be relieved by compliance with section 87.11, or elect to reject the provisions of Workmen's Compensation Law and give notice of such rejection as provided by the statute. See sections 85.3, 85.4, 85.6, 87.2, Code of 1946.

We entertain no doubt both insurer and insured intended the employer's whole liability to be covered whatever it was. The employer says she told the agent all the duties of the employee and that she wanted him fully covered. There is no

denial of this testimony. If the policy as written by carrier is somewhat inadequate the employee should not be penalized.

 We have held the law and the insurance policy must be liberally interpreted to protect the employee. Conrad v. Midwest Coal Co., 231 Iowa 53, 300 N. W. 721, supplementary opinion 3 N. W. 2d 511. So far as the rights of the workman are concerned we think the provisions of the law are a part of the policy whether written into it or not and even when (as here, apparently) the written terms imperfectly or inadequately state the nature and extent of the employment to be covered. Any such inadequacy or imperfection, due to possible misunderstanding between employer and insurer, may conceivably be the subject of litigation between them but cannot affect the rights of the employee.

We have held his rights cannot be enlarged by the terms of the policy. Maryland Casualty Co. v. Dutch Mill Service Co., 220 Iowa 646, 262 N. W. 776. Or created thereby when they did not otherwise exist. Stiles v. Des Moines Council Boy Scouts of America, 209 Iowa 1235, 229 N. W. 841. We think it equally true the liability imposed by the statute cannot be *limited* or measured by the policy.

The statute provides:

"Every policy issued by an insurance corporation * * * to insure the payment of compensation shall contain a clause providing that between any employer and the insurer, notice to and knowledge of the occurrence of injury * * * on the part of the insured [employer] shall be notice and knowledge on the part of the insurer; and jurisdiction of the insured shall be jurisdiction of the insurer, and the insurer shall be bound by every agreement, adjudication, award, or judgment rendered against the insured." Section 87.10, Code of 1946.

See Kratz v. Holland Inn, 186 Iowa 963, 968, 173 N. W. 292.

The policy here does contain this provision. It also provides that its insurance obligations are the direct obligations and promises of the Company "to any injured employee covered hereby * * * and to each such employee * * * the Company is made directly and primarily liable * * *. This contract is

made for the benefit of such employees * * * and is enforceable against the Company * * * whether claims or proceedings are brought against the Company alone or jointly with the employer."

We are abidingly convinced that under our statutes the liability of the insurance carrier to the injured employee depends only upon the liability of the employer to the employee, regardless of any question that may arise between the employer and such insurer.

We are aware there is apparent division of opinion on the proposition among various jurisdictions. To determine how much of this variance is due to differences in statutes would entail an amount of research we are disinclined to undertake. Annotations in 45 A. L. R. 1329 and 108 A. L. R. 812 would furnish some starting point for those desiring to investigate further. We deem our statutes do not leave the matter in doubt and that extended discussion of cases from other states would not be particularly helpful.

A suggestion made in Empey v. Industrial Commission, 91 Utah 234, 249, 63 P. 2d 630, 637, 108 A. L. R. 801, 810, seems pertinent here:

"If employers and insurance carriers are, by an agreement [and we might add "or by any disagreement"] between themselves, permitted to exclude from the coverage of a policy a part of the hazard incident to conducting a business, then as to such excluded hazard the business is being conducted without insurance contrary to the act. * * * Such a practice is contrary to both the spirit and the letter of our Workmen's Compensation Law."

The Utah court cites In re Cox, 225 Mass. 220, 114 N. E. 281, a leading case. See also Skuey v. Bjerkan, 173 Minn. 354, 217 N. W. 358; Maryland Casualty Co. v. Industrial Commission, 198 Wis. 208, 223 N. W. 444, 445; Smith v. McHan Hardware Co., 56 Idaho 43, 48 P. 2d 1102, 1108; Employers Liability Assur. Corp. v. Matlock, 151 Kan. 293, 98 P. 2d 456, 460, 127 A. L. R. 461; Aioss v. Sardo, 249 N. Y. 270, 164 N. E. 48.

What we have said disposes of all the questions argued. The decision of the trial court is right and is affirmed.—Affirmed.

All JUSTICES concur except MANTZ, J., not sitting.