**John R. BAHR, d/b/a Bob's Grinding, Petitioner-Employer-Appellant,**

**v.**

**Ronald E. CHRISTIANSON, Defendant-Claimant-Appellee,**

**and**

**Iowa Industrial Commissioner, Respondent.**

**No. 2–62070.**

Court of Appeals of Iowa.

June 28, 1979.

James L. Kramer and Craig E. Carlson, of Johnson, Burnquist, Erb, Latham & Gibb, Fort Dodge, for appellant.

James A. McGlynn and Eldon J. Winkel, of Winkel, Nitchals & Winkel, Algona, for appellee.

Heard by OXBERGER, C. J., and DONIELSON, SNELL, CARTER and JOHNSON, JJ.

PER CURIAM.

Petitioner John Bahr appeals district court decision which affirmed an award of workers' compensation benefits to claimant, Ronald Christianson. The single issue for review is whether Christianson was a casual employee of Bahr at the time of his injury.

We note initially that fact findings by the Industrial Commissioner or his deputy have the force of a jury verdict and will not be overturned if supported by substantial evidence in the record. *Porter v. Continental Bridge Co.*, 246 N.W.2d 244, 245 (Iowa 1976). If reasonable minds could draw different inferences from the evidence presented, the Commissioner's findings control. *Gardner v. Trustees of Methodist Episcopal Church*, 217 Iowa 1390, 1401, 250 N.W. 740, 745 (1933). The record in the instant case shows Christianson began working for Bahr on a part-time basis while he was attending high school, and in the summer of 1974, he became employed full-time by Bahr; his primary job was to reconstruct a certain tractor part called a "ramp" with compensation paid by the hour and by the number of ramps completed; whenever he ran out of ramps to work on, he was assigned miscellaneous tasks by Bahr such as unloading trucks and painting the exterior of the work place. On the date of the accident, Christianson completed his day's supply of ramps early and was requested by Bahr to paint the exterior trim on a house owned by Bahr's wife. All of the materials for the job and the directions for performing the task were supplied by Bahr. Christianson testified that he was to be paid $3.00 per hour for the house painting—the same hourly rate he received while working at Bahr's place of business. He was unaware that Mrs. Bahr was the sole owner of the residence.

In *Bates v. Nelson,* 240 Iowa 926, 38 N.W.2d 631 (1949), the court considered the question of whether a claimant's employment was "casual", within the meaning of the worker's compensation statute. In holding that the employment was *not* casual, the court stated:

True, the work [claimant] was hired to do varied—perhaps from day to day. But his *employment* had no element of chance or contingency. It went on whether goods were to be sold, tires changed, gas station tended, stoves installed . . . . . All these and other duties were included in his regular, steady and continuous employment. The particular work he was doing at a given time might, in a sense, be casual but not so his employment. It was not temporary, but regular and permanent, no matter how changing, and even at times incidental, his various jobs might be.

*Id.* at 931, 38 N.W.2d at 633–34. It has also been held that the term "purely casual" as used in the statute is strictly construed against the employer and liberally construed in favor of the employee. *Gardner v. Trustees,* 217 Iowa at 1401, 250 N.W. at 745. From the evidence presented, the trier of fact could find that Christianson's employment with Bahr was regular and continuous although the particular jobs Christianson performed occasionally varied. The question which remains, however, is whether Christianson entered into a separate and distinct employment, purely casual in nature, when he agreed to paint the Bahr's private residence. We conclude he did not. Christianson commenced the painting job during his regular working hours; he kept track of the time spent on this job in the same manner that he used when working at Bahr's place of business; his hourly compensation was to be the same as it was at the shop; on the days he did the painting, he worked both at the house and around the shop. Under the circumstances of the case the painting of the residence could be viewed as a temporary job, not unlike the other miscellaneous duties which Christianson was occasionally asked to perform. Christianson was simply given no indication that his employment status with Bahr somehow changed once he undertook the painting assignment. Although the painting task itself might be considered casual, the employment of which it was a part certainly was not. Finding substantial evi-

dence to support the trial court's ruling, we affirm.

AFFIRMED.