## MATILDA OTMER, PROSECUTOR, v. FRANK J. PERRY, RESPONDENT.

Argued November 12, 1919—Decided December 15, 1919.

1. The relation of master and servant exists whenever the employer retains the right to direct the manner in which the business shall be done, as well as the result to be accomplished, or in other words, not only what shall be done, but how it shall be done.
2. Petitioner was injured while repairing a well for respondent under a contract to repair the well, for which he was to be paid one dollar per hour. In the execution of the work he was unhampered and uncontrolled by the views of the respondent and when the work was finished, the relationship of the parties to the contract was at an end. *Held*, that petitioner was an independent contractor and that the employment was casual.

---

On *certiorari* to Ocean Common Pleas.

Before Justice MINTURN, by consent.

For the prosecutor, *Kalisch & Kalisch.*

For the respondent, *Halsted H. Wainright.*

The opinion of the court was delivered by

MINTURN, J. The trial court found that while the petitioner was at work, in the employment of the prosecutor, upon her property near Lakewood, he was injured in an accident which arose out of and in the course of the employment.

The petitioner had been employed by the prosecutor, a few days prior to the accident, under a verbal contract, to repair

a well upon the premises, at the rate of $8 per day. The employment necessitated the taking out of an old pump, and the substitution of a new one. The fact that the prosecutor's daughter made the contract with the petitioner, can make no difference in the legal status of the parties; if as appears to be the fact the work was performed for the prosecutor, upon her premises, and paid for by her check.

The agency being proved the principle is familiar that there was no need for ratification, for the act of employment thereby became the act of the principal. *Qui facil per alium facil per se.* The petitioner's employment was at the rate of $8 per day, and for that he was paid by the prosecutor for three days' service. At that point for some reason the prosecutor decided to discharge him, and take on another to complete the work; but becoming dissatisfied with the progress of the alternate, after some days, she discharged him and again took on the petitioner at the old rate of $1 per hour. The work occupied two hours of his time, for which he accepted the old pump in part payment. While working in the well, the pipe, which had been insecurely joined by his predecessor, slipped and permanently injured the index finger of the petitioner's hand. For six weeks his thumb and two adjoining fingers were disabled, and he was without the use of the hand for over ten weeks. The trial court awarded compensation for six weeks. No testimony of an adverse character was submitted by the prosecutor, but upon this writ the legality of the finding is contested, upon substantially two grounds: (1) That the petitioner was an independent contractor; (2) that the employment was of a casual nature, and not comprehended by the statute.

The work which the petitioner contracted to perform in this instance, was of a distinct and specific character, in the execution of which he was unhampered and uncontrolled by the views and orders of an immediate superior, and when the work was executed the relationship of the parties arising out of the contract was at an end. In that fact inheres the distinction which differentiates the work or employment of the ordinary servant from that of an independent contractor.

The distinction in the relationship is thus defined: "The relation of master and servant exists whenever the employer retains the right to direct the manner in which the business shall be done, as well as the result to be accomplished, or in other words, not only what shall be done, but how it shall be done." 26 *Cyc.* 966 and cases cited.

Substantially the same criterion was applied in *Presto-lite Co.* v. *Skeel,* 182 *Ind.* 593, *Am. & Eng. Ann. Cas.* 1917, A 474, as follows: "Where an agreement provides for a result to be accomplished, but leaves to the person employed the choice of means and methods by which it is to be accomplished, the relation existing is that of employer and contractor, and not that of master and servant, and the employer is not liable for the contractor's negligence." Cases defining the relationship and applying the differentiation will be found collected by the learned annotator in a foot note to *Cockran* v. *Rice,* 27 *Am. & Eng. Ann. Cas.* 573.

The same distinction is elucidated by Chancellor Kent in 2 *Kent Com.* 260, and Mr. Justice Depue in *Cuff* v. *Newark, &c., Ry.,* 35 *N. J. L.* 17.

The legal status existing between these parties under their contract was manifestly one in which the defendant contracted for a certain specific result, and left the *modus operandi* entirely to the petitioner. The defendant obviously was interested only in the specific result of reparation, and not in the means of its execution, and that feature of the contract was entirely left to the judgment and discretion of the petitioner.

The rule applicable to the situation is therefore that to which I have adverted, and not the familiar doctrine arising from the relationship of master and servant, arising out of the "servitium" of the civil and common law, as expounded in 1 *Blackstone* 423. Emphasis is given to this distinction by the provisions of the act upon which this application is based, which provides that the word "employer" is declared to be synonymous with "master," and "employe" with "servant." *Pamph. L.* 1911, *p.* 134, § 3.

Were this differentiation not maintainable under the statutory definition, I would still be forced to conclude that the nature of the employment in question brings the petitioner's contract within the statutory exception of "casual employment," and therefore imposes no liability upon the defendant.

The distinction which excepts this class of contracts from the benefits accruing to an injured employe, under the Workmen's Compensation act is sufficiently elucidated in the opinion of Mr. Justice Swayze in this court in *Scott* v. *Payne Bros.*, 85 *N. J. L.* 446, as the equivalent of "a mere temporary or accidental employment." The same distinction is applied by the same learned justice in *Schaeffer* v. *De-Grottola,* 85 *Id.* 444. Cases from other jurisdictions upon statutes essentially similar support this distinction, and definition of the legal status of a "casual," as differentiated from that of a "servant" for whose acts of negligence under the familiar principles of the common law, the employer is made liable upon the doctrine of *respondeat superior,* based upon the legal theory that the act of the subordinate by reason of the implied power of control and direction, is imputable to the superior as the equivalent of his own act.

Upon either theory thus indicated, it is manifest that the essential status of legal relationship contemplated by the statute, does not exist here, and the judgment under review must therefore be reversed.