SUSIE BROWN, PETITIONER-RESPONDENT, v. PATERSON CENTRAL MARKET ASSOCIATION, RESPONDENT-PROSECUTOR.

Submitted May 13, 1927—Decided November 11, 1927.

Workmen's Compensation—Alleged Employe was Engaged in Gathering Refuse in a Market—Used His Own Truck—He was Injured While at Work and Died From the Injury—Employer Alleged He was an Independent Contractor—Evidence Showed That He was Under the Direct Instructions of the Owners of the Market, That They Directed His Actions—There was No Contract Which by Its Terms Made Him an Independent Contractor—The Fact That He Supplied His Own Truck Did Not Make Him so—Award Affirmed.

On writ of *certiorari.*

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *James J. Farley.*

For the respondent, *John O. Benson.*

PER CURIAM.

This case is presented on a writ of *certiorari.* The writ is directed to the judge of the Court of Common Pleas in and for the county of Passaic. The writ brings up a judgment affirming an award in a workmen's compensation case. The respondent, Susie Brown, applied to the workmen's compensation bureau for an award against the Paterson Central Market Association, a corporation, for the death of her husband. Frederick Brown, in the year 1921, was hired by the market association, through its president and general manager, Mr. Terwiliger, to gather up the refuse of the market and cart it to the garbage plant at Paterson, in which city the property of the market association was located. Brown used a truck for this purpose. The truck belonged to him. On September 5th, 1925, while engaged in gathering up in the market the

refuse, he stepped on a nail. Iodine was applied to the wound. The deceased left for his home where his wife bathed his foot. He went to the Barnert Hospital in Paterson for treatment. He returned to his home. Later he was removed to the hospital. Blood poisoning had set in. He died as a result of this injury on September 17th, 1925. The president and general manager of the market association was notified on September 11th, 1925, of the accident.

The deceased left a widow, the petitioner, and two minor children, one four years of age and the other one year old. Brown had received $35 per week. The market association made payments of this sum each week after the accident to the widow until October 24th, 1925. Later, the application was made to the workmen's compensation bureau. An award was made which was affirmed by the Passaic County Court of Common Pleas on December 11th, 1926. There is no question that the injury was received as stated, so that if Brown was an employe of the market association he died from an injury arising out of and in the course of his employment.

The defense of the market association is that Brown was an independent · contractor. This defense is not, in our opinion, sustained by the evidence. The testimony shows that Brown was hired by Terwiliger some four years before the accident. Terwiliger showed Brown what to do and gave him instructions from time to time to the time of his injury respecting the work of removal of the refuse. He was given a minimum wage the first year. This was increased during the four years to $35 per week. He was paid weekly. His name appeared on the weekly payroll which was made out and delivered to the treasurer. From about July 1st, 1925, to the date of the accident he was earning $35 per week. Terwiliger testified that if Brown had not performed his work he was subject to immediate discharge. His employment was for an indefinite period of time. He devoted his entire time to the work he was directed to do. There was no contract, oral or written, which made him by its terms an independent contractor. No contract price for the work was ever agreed upon between the parties. The relationship was clearly that

of employer and employe. The fact that Brown used in the removal of the refuse a truck did not make him an independent contractor. It frequently happens that under the terms of an employment an employe pays his expenses or uses something belonging to him, as an automobile or conveyance, for the performance of his work.

In *Lewis* v. *National Cash Register Co.,* 84 *N. J. L.* 598, one Kaler was engaged by defendant as a sales agent, under a contract providing that he should devote his entire time to the business of the company, should conform to its rules, and might employ other salesmen to assist him, with the consent of the company, and should receive a fixed percentage on sales. It was held that such agent is a servant of the company and not an independent contractor though the contractor required him to pay his own expenses.

Similar cases could be cited, but we think it unnecessary to do so. The evidence contained in the record is ample to sustain the finding of the said Court of Common Pleas that the relationship between the prosecutor and the deceased was that of master and servant.

The judgment of the Court of Common Pleas in and for the county of Passaic is affirmed, with costs.