New Jersey Department of Labor,
Workmen's Compensation Bureau.

## ORILDA LA TERRE, PETITIONER, v. SAMUEL SKILLMAN, RESPONDENT.

\*     \*     \*     \*     \*     \*     \*

The testimony presented by the petitioner sets forth that her late husband had for many years been in the business of painting and paper hanging, and that he formerly engaged in this work as a contractor, but that in later years he took on no work at a contract price but preferred to do work of this character for payment on the hourly basis. Some few days prior to March 29th, 1928, the respondent, who desired to have some painting done at his home, arranged with the deceased to perform the work. It appears from the record that Mr. La Terre was engaged in doing certain painting for two days prior to March 29th, 1928, on which day at twelve o'clock Mrs. Skillman called the deceased to the second floor of her home for the purpose of pointing out further work which she wished to have done in the nature of repairing paper on the ceiling of the second floor. While ascertaining from Mrs. Skillman what was needed to be done regarding this papering, Mr. La Terre inadvertently stepped backward into an open stairway and fell to the first floor, receiving injuries from which he died on March 30th, 1928, in the Somerset Hospital, located in Somerville, New Jersey.

There is no question involved in this case as to the fact that Mr. La Terre was working for Samuel Skillman and that an accident occurred which resulted in his death. The contention is that this case is one involving independent contractor relationship between the deceased and the respondent. On the contrary it is the contention of the petitioner that her husband did not perform work as an independent contractor, that he worked only on the hourly basis, and her attorney made every effort, through the presentation of testimony of various witnesses, to establish the fact that the relationship of master and servant existed in this instance and that the deceased was not an independent contractor. The principle testimony presented by him to establish that the deceased was working under the direction and supervision of the respondent or his representative, Mrs. Skillman, is the fact that Mrs. Skillman was actually directing Mr. La Terre at the time that the accident took place, claiming that this very procedure in itself establishes the relationship of master and servant and that the deceased was not an independent contractor operating without the supervision of the respondent.

An analysis of the entire situation as presented by the foregoing brief statements and the other testimony given at the trial leads me to the conclusion that the mere fact that Mr. La Terre was being shown what was to be done does not constitute supervision of the manner in which work was to be done. In every situation of this character, it necessarily follows that the one having the work done must indicate what is to be done. This does not mean that he thereby retains to himself the supervision of the manner in which certain work shall be performed. It is very questionable, therefore, that in this instance the claim of the respondent is upset by the testimony of the petitioner, nor does the statement of the petitioner that her husband did not take work for a contract price establish that he was not a contractor. The manner of making payment for services rendered does not establish whether or not one is an independent contractor. According to the cases, it is purely a question of supervision. One may work by the hour to be paid at the

completion of the work according to the number of hours involved without thereby establishing that he is an employe or that he is a contractor.

Aside from the aforementioned phase of this case, there is another element which was not to any extent dwelt upon at the hearing of this case. According to the facts as brought out, the work to be performed was of a domestic nature, namely, the painting of all or a portion of the dwelling of the respondent. This being the case, the relationship between the deceased and the respondent is subject to the provisions of paragraph 23(c) of the Workmen's Compensation act, which sets forth that if the service rendered is not in connection with any business of the employer, then the employment is casual unless such employment is either regular, periodic or recurring. Quite evidently one does not engage another in regular employment for the purpose of painting his house or any portion thereof, neither can it be held that such employment is periodic as is the case with a laundress who comes regularly on a stated day in the week for the purpose of doing the weekly wash, nor is it recurring such as might be the case where a lawn is to be mowed, not at regular stated intervals, but at such times as the growth of the grass makes it necessary. In the present instance, therefore, since this domestic situation did not involve any one of the three elements cited above, the employment involved must be classified as casual and as such the employment was not subject to the provisions of the Workmen's Compensation act. Therefore, the dependents of the deceased are not deprived of such common law rights as may be theirs under the general statute.

\*     \*     \*     \*     \*     \*     \*

W. E. STUBBS,
*Deputy Commissioner.*