DONALD HART, PROSECUTOR, v. ROBERT M. KIMBALL, TRADING AS ASPHALT ROOFING SERVICE CO., DEFENDANT.

Submitted January 17, 1939—Decided February 24, 1939.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, *Forman & Forman* and *Edwin Joseph O'Brien*.

For the defendant, *Edward F. Beers* and *Walter A. Beers*.

The opinion of the court was delivered by

DONGES, J. This writ brings up a judgment of the Middlesex County Court of Common Pleas reversing an award of compensation made in favor of prosecutor in the Workmen's Compensation Bureau.

The first point argued is that the Middlesex County Common Pleas was without jurisdiction to determine the appeal. It appears that the accident happened in Middlesex county and under the statute the appeal from the Compensation Bureau is to the Common Pleas Court of the county where the accident occurred. Through inadvertence the appeal in this case was taken to the Union County Common Pleas. Prosecutor there moved to dismiss the appeal on the ground that it had been taken to the wrong court and defendant filed a petition under the statute providing for the removal of causes (*R. S.* 1937, 2 :26-60 *et seq.*), seeking to have the case transferred to the Middlesex Common Pleas. The judge of the Union County Court granted the prayer of the petition and made an order removing the cause to the Middlesex Court. Meantime the thirty days within which appeal may be taken had expired. Motion was made in the Middlesex Court of Common Pleas to dismiss the appeal on the ground that it was not properly before the court, but was denied.

The contention is that the statute is not applicable to the situation here presented. The language is:

"No cause or matter pending in the court of chancery, supreme court, a circuit court, a court of common pleas, a district court, a court of oyer and terminer, a court of quarter sessions, or a court of special sessions shall be dismissed solely on the ground that such court is without jurisdiction of the subject-matter, either in the original suit or on appeal, but the cause or matter shall be transferred, with the record thereof and all the papers filed in the cause, to the proper court for hearing and determination."

Prosecutor contends that the statute applies only when the "court is without jurisdiction of the subject-matter" and that the Courts of Common Pleas do have jurisdiction of the subject-matter of appeals in workmen's compensation cases,

and, therefore, the Union County Court was not without jurisdiction of the subject-matter but was merely without jurisdiction of the particular case because the accident occurred in another county. In other words, the argument is that the case must be one of a class of which the court does not have jurisdiction. We do not agree with this interpretation of the statute. The purpose was, we think, to distinguish cases where there was failure of jurisdiction over the subject-matter from those where there was failure of jurisdiction over the person. The latter cases were not to be removable under the statute and the former were. In the instant case the Union County Court had no jurisdiction over the subject-matter because the Workmen's Compensation act gives jurisdiction over the subject-matter of these appeals to the court of the county where the accident occurred. The obvious purpose of the statute providing for the removal of causes was to prevent the loss of a hearing by a litigant who took his case to a court which could not deal with the subject-matter. This is such a case and we think the order for removal was proper and that the Middlesex Common Pleas was qualified to deal with the appeal upon the merits.

The other question argued has to do with the propriety of the judgment of reversal on the facts. The finding of the court below was that prosecutor was not an employe within the meaning of the Workmen's Compensation act but was, at the time of the accident and injury, an independent contractor. The facts appear to be that the respondent, Robert M. Kimball, trading as Asphalt Roofing Service Co., was engaged in the business of selling roofing materials. He did not apply the materials to buildings but merely engaged in the sale of materials. He had sold roofing materials to be applied to a house on DeKalb avenue, Perth Amboy. The contractor who was to apply the materials to the house became involved in a controversy with the owner and abandoned the work. Kimball was interested in seeing to it that the project was completed in order that he might be paid for the material he had delivered. He, therefore, undertook to get someone to finish it.

The prosecutor, Donald Hart, and his brother were engaged in this type of work, operating as the Hart Remodeling Co. Kimball had previously sold them materials. He had never previously employed them either as contractors or as employes. He arranged with the Harts for them to apply the shingles to the roof at a price of $3 per "square," and it was while engaged in this work under this arrangement that prosecutor fell when scaffolding gave way and he was injured.

The scaffolding that was used in the work was in part left on the job by the contractor who abandoned the work and in part furnished by prosecutor and his brother. It was not furnished by the defendant.

In *Errickson* v. *F. W. Schwiers, Jr. Co.,* 108 *N. J. L.* 481, the Court of Errors and Appeals said:

"The relation of master and servant exists whenever the employer retains the right to direct the manner in which the business shall be done, as well as the result to be accomplished, or in other words, not only what shall be done, but how it shall be done."

On this phase of the case there is some conflict of testimony. Prosecutor testified "we received orders from Mr. Kimball as to how he wanted it done." "He discussed as to what shingles had to go on and the carpenter work that had to be done." "He didn't tell me how much was to be done. He come there and showed me what he wanted done." And further, "*Q.* Did Mr. Kimball instruct you at all with regard to the application of these shingles? *A.* As to how to lay the shingles? *Q.* Yes. *A.* No, he never do that. I knowed how to lay them." Defendant testified: "*Q.* Did you give them any instructions? *A.* Only in so far as I told them the shingles would be laid up wide spaced and when they got on the job they could see how the others were done and it was to be followed out."

Prosecutor testified that Kimball had said "he would give us a regular job when we got finished with that one." But defendant claimed "I told them if I heard of any roofers that wanted men that I would recommend them and if I had any leads I would be glad to turn them over."

Under all the testimony, and giving due weight to the undenied fact that defendant's business was selling materials and not applying them, whereas prosecutor in conjunction with his brother was engaged in the contracting business doing this very sort of work, we are of the opinion that the weight of the credible evidence supports the conclusion of the court below that at the time of the accident prosecutor's relation to defendant was that of an independent contractor and not an employe.

The writ of *certiorari* is dismissed.