CLARENCE R. WADGE, PETITIONER-DEFENDANT, v. CRESTWOOD ACRES, INC., RESPONDENT-PROSECUTOR.

Submitted May 5, 1942—Decided July 15, 1942.

Before Justices CASE, DONGES and COLIE.

For the petitioner-defendant, *Samuel J. Marantz.*

For the respondent-prosecutor, *Edwin Joseph O'Brien* (*Thomas J. Brett,* of counsel).

The opinion of the court was delivered by

COLIE, J. This writ of *certiorari* was allowed to review a judgment of the Union County Court of Common Pleas in a workmen's compensation case.

The determinative question is whether the petitioner below, defendant here, was an independent contractor or an employee

within the intendment of the Workmen's Compensation Act, *R. S.* 34:15-1, *et seq.* The deputy commissioner held that petitioner was an independent contractor and, on appeal, the Common Pleas reversed and held the relationship to be that of employer and employee.

The factual situation gleaned from the record discloses that Clarence E. Wadge was a carpenter by trade; that accompanied by one Hagen, also a carpenter, he drove to Crestwood Acres, a tract under development by the respondent below, prosecutor here, Crestwood Acres, Inc. They interviewed one Anthony Colucci and asked for work. Colucci, who was the president of Crestwood Acres, Inc., advised them that work was given out only on a contract basis. There ensued some discussion as to compensation culminating in the execution of the following "agreement:"

### "Agreement.

*This Agreement,* made this 25th day of January in the year One Thousand Nine Hundred Forty; between, *Crestwood Acres, Inc.,* a New Jersey corporation, party of the first part; and

"*Rheingold F. Hagen* and *Clarence R. Wadge* of Greenbrook Township, N. J., party of the second part;

"*Witnesseth,* that for and in consideration of the sum of Two Hundred ($200.00) Dollars, payable as follows: weekly as work progresses the party of the second part agree to supply all labor necessary to complete the carpenterwork except trim, garage doors and finish floors work enumerated in the plans and specifications attached hereto and made a part hereof; on premises located at Scotch Plains, New Jersey, owned by the party of the first part, and particularly on Job No. 4 Plan No. 5 located on Crestwood Road. Said services to be rendered in a good, workmanlike and satisfactory manner and in consideration thereof the party of the first part agrees to pay the aforementioned sum in the manner and form herein provided.

"The party of the second part agrees to carry provide and pay premiums for all necessary compensation insurance required on behalf of the employees of the party of the second

part; should said party of the second part carry no compensation he or they are obliged to submit to the party of the first part the amount of their payroll and payment of same shall be deducted from the amount of the contract heretofore specified. Where a policy is carried by said parties of the second part then a certified copy of same covering this job shall be submitted to the party of the first part; and party of the second part agrees to make payment of all sums required for unemployment compensation insurance, social security and, &c.

"This agreement shall not be binding upon the party of the first part unless and until accepted in writing by its duly authorized officer.

"*In Witness Whereof,* the party of the first part has hereunto affixed his hand and seal, as and for his voluntary act and deed, and the party of the first part as and for voluntary act and deed of said corporation.

Witnesses:

E. SWITZGABLE.

Accepted:

> REINHOLD F. HAGEN
> CLARENCE R. WADGE
> CRESTWOOD ACRES, INC.,
> by ANTHONY M. COLUCCI
> President."

The following day, Wadge and Hagen commenced work. On February 6th Wadge sustained an injury, with the details of which and the disability arising therefrom we are not now concerned since they are agreed upon and included in a stipulation of record.

There was evidence adduced on the petitioner's case that while there were plans of the building for "Job No. 4 Plan No. 5," there were no specifications; that Colucci "instructed them how to carry the work on;" that such instructions included "how to build up the sills, girder, and he wanted his beams to all rest on the girder, butting each other; * * * how to build up a corner post, window heights; where to cut the ducts for the heating; pitch the roof * * *

how he wanted the stairs built." There was introduced in evidence a paper, in Colucci's handwriting, which contained instructions as to studs, floor beams, rafters, plate and corner posts. Colucci, called as a witness for the respondent, admitted that he furnished all the details of the job that were not on the plans and that Wadge and Hagen obeyed his instructions.

There was plenary proof to sustain the finding of the Court of Common Pleas that the defendant, through Colucci, its president, exercised the right not alone to direct what work should be done but how it should be done. It is the retention of the right to dictate the manner in which a given task shall be performed that distinguishes the relation of master and servant from that of independent contractor and employer. *Errickson* v. *Schwiers Co.,* 108 *N. J. L.* 481.

An examination of the self-styled agreement of January 25th, 1940, discloses that the work to be done thereunder was "to complete the carpenter work except trim, garage doors and finish floors *work enumerated in the plans and specifications attached hereto and made a part hereof;".* It is laid down in the *Restatement of the Law of Contracts* Vol. 1, § 32 that "an offer must be so definite in its terms, or require such definite terms in the acceptance, that the promises and performances to be rendered by each party are reasonably certain." Reasonable certainty is wholly lacking in the agreement under consideration which calls for performance in accordance with specifications never seen by one of the contracting parties. As was said in *Shaw* v. *Woodbury Glass Works,* 52 *N. J. L.* 7, "It is absurd to say that a man enters into an agreement till the terms of that agreement are settled." We hold that an essential element was lacking and that the so-called agreement was, in law, *nudum pactum.*

The judgment of the Union County Court of Common Pleas is affirmed, with costs.