CLARENCE R. WADGE, DEFENDANT-RESPONDENT, v. CRESTWOOD ACRES, INC., PROSECUTOR-APPELLANT.

Argued October 22, 1942—Decided January 22, 1943.

For the appellant, *Edwin Joseph O'Brien* (*Thomas J. Brett*, on the brief)..

For the respondent, *Samuel J. Marantz*.

PER CURIAM.

This is a workmen's compensation case. The matters in controversy are adequately set forth in the opinion of the Supreme Court, and all that need be said at this time by way of introduction is that the respondent, employed as a carpenter under a written agreement, which is an exhibit in the case, to finish the carpenter work on a house for a lump sum, sustained an injury, and claimed compensation under the statute, on the ground that there were no written specifications and that the manner of doing the work and details thereof were controlled by oral instructions given from time to time by one Colucci, president of the employer corporation. The Bureau found for the corporation: the Court of Common Pleas reversed, and the Supreme Court on *certiorari* sustained the Common Pleas. The question before us is purely one of fact, viz., whether the corporate employer, through its president, "gave [the respondent] directions as to the manner and means of performing the carpentry work." If so, concededly the statute would apply. For the appellant it is argued that it did so control the details of the work. The Court of Common Pleas found that it did, and the Supreme Court concurred in that finding. It is elementary that in that situation

this court does not reverse on a question of fact if there is evidence to support the finding of the lower court. The case before us clearly exhibits such evidence: and the judgment of the Supreme Court is accordingly affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, HEHER, PERSKIE, PORTER, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 12.

*For reversal*—None.