This appeal is from an order of the Superior Court, Somerset County, transferring to the Somerset County Court, Probate Division, a cause of action in which the Notice of Appeal was erroneously entitled in the Superior Court of New Jersey, Probate Division, Somerset County, and filed with the Clerk of the Superior Court of New Jersey, instead of being entitled in the Somerset County *Page 305 
Court, Probate Division, and filed with the Surrogate of Somerset County as clerk of said court, and directing the Clerk of the Superior Court to transmit all pleadings or transcript thereon filed with him to the Clerk of the Somerset County Court, Probate Division, and amending the title in the papers to Somerset County Court, Probate Division. The notice of appeal was on behalf of a non-resident of New Jersey from an order of probate of the last will and testament of Morris Stotchik, deceased, and was served upon the interested persons within the time limited for such appeal. The only question arises from the entitling of the cause in the wrong court and the filing therein, instead of being entitled in the Somerset County Court, Probate Division, and the filing therein. The notice was served on December 31, 1948, and was as follows:
 "SUPERIOR COURT OF NEW JERSEY, PROBATE DIVISION, SOMERSET COUNTY, DOCKET NO. IN THE MATTER | Application for of | Order to 
The Estate of Morris | Show Cause. Stotchik, deceased. | Notice of Appeal.
To: Sylvan Heilbrunn, Esq. Flora Jacobs Stotchik, Executor and Executrix, respectively, of the Last Will and Testament of Morris Stotchik, deceased:
TAKE NOTICE that on Friday, January 14, 1949 at 10:00 o'clock in the forenoon or as soon thereafter as Counsel can be heard, we shall apply before the Honorable Arthur B. Smith at the Court House in the Borough of Somerville, County of Somerset and State of New Jersey, for an Order directed to all persons in interest requiring them to show cause why the probate or letters issued by the Surrogate of the County of Somerset on the probate of the Last Will and Testament of Morris Stotchik on July 2, 1948, should not be set aside.
 STEIN, STEIN AND HUGHES, Stein, Stein and Hughes, Attorneys for Cecelia Stotchik Hade. By RICHARD V. STEIN, Richard V. Stein, A Member of said firm." *Page 306 
The Transfer of Causes Act, R.S. 2:26-60 provides:
"No cause or matter pending in the court of chancery, supreme court, a circuit court, a court of common pleas, a district court, a court of oyer and terminer, a court of quarter sessions, or a court of special sessions shall be dismissed solely on the ground that such court is without jurisdiction of the subject-matter, either in the original suit or on appeal, but the cause or matter shall be transferred, with the record thereof and all the papers filed in the cause, to the proper court for hearing and determination."
By chapter 375 of the Laws of 1948 (R.S. 1:1-22), the foregoing act was continued in effect. By subdivision (b) thereof it is provided:
"(b) Where the reference is to the former Supreme Court, in respect to its appellate jurisdiction, it shall be given effect as though it were to the Appellate Division of the Superior Court, and otherwise as though it were to the Law Division of the Superior Court or a Judge of the Superior Court assigned to the Law Division thereof."
It follows, therefore, that the Judge of the Superior Court assigned to the Law Division of Somerset County was the authorized judge to deal with the matter, since the Superior Court has presently the jurisdiction of the former Supreme Court.
The instant case is not unlike, in principle, Hart v.Kimball, 122 N.J.L. 217 (Sup. Ct. 1939), where an appeal was taken to the Union County Common Pleas Court in a workman's compensation case that arose in Middlesex County, and which was transferred to the Middlesex County Court by order of the Union County Court. In that case it was said:
"In the instant case the Union County Court has no jurisdiction over the subject-matter because the Workmen's Compensation Act gives jurisdiction over the subject-matter of these appeals to the court of the county where the accident occurred. The obvious purpose of the statute providing for the removal of causes was to prevent the loss of a hearing by a litigant who took his case to a court which could not deal with the subject-matter. This is such a case and we think the order for removal was proper and that the Middlesex Common Pleas was qualified to deal with the appeal upon the merits." *Page 307 
Here we have an appeal filed in the Superior Court. Over the subject matter involved this court has no jurisdiction. Therefore, the obvious and proper course, as provided by statute, was to remove it to the court having such jurisdiction for determination on the merits.
The order under review is affirmed.