16 N.J. Super. 490 (1951)
85 A.2d 7
JOSEPH FITZPATRICK, PETITIONER-APPELLANT,
v.
MAX HABERMAN, RESPONDENT-APPELLEE.
Superior Court of New Jersey, Appellate Division.
Argued November 19, 1951.
Decided December 5, 1951.
*492 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Isador Kalisch argued the cause for appellant (Mr. Mortimer Wald, attorney).
Mr. John W. O'Brien argued the cause for appellee (Messrs. O'Brien, Brett & O'Brien, attorneys).
The opinion of the court was delivered by WILLIAM J. BRENNAN, JR., J.A.D.
Petitioner objects that he was not awarded compensation at a higher weekly rate than the statutory ten-dollar minimum allowed by the Workmen's Compensation Division and affirmed by the Hudson County Court.
It is conceded that petitioner on April 13, 1947, suffered a compensable accident while performing duties as superintendent of respondent's 20-family apartment house. The minimum rate was fixed in the Division upon rulings that extra moneys paid petitioner for painting work in this and two other apartment buildings owned by respondent were not wages but were received by petitioner as an independent contractor, and that a part of the monthly compensation for the superintendency duties was allocable to services performed by petitioner's wife. The county court affirmed but *493 did not agree that petitioner performed the painting work as an independent contractor; its finding was that he was a casual employee as to such work so that the moneys were in any event not includible in determining his wages.
The deputy director announced his determination upon a motion by respondent after hearing petitioner's testimony. Accordingly respondent's witnesses were not heard. Petitioner testified that he was originally employed by a former owner with whom he agreed that he and his wife would perform the duties of superintendent for $50 per month plus the use of an apartment valued at $30. This testimony sufficiently supports the determination that the aggregate $80 was allocable between petitioner and his wife; and the judgment to that extent is affirmed.
Petitioner further testified that some time after respondent purchased the apartment building respondent came to him and offered the painting work as an opportunity to earn extra money and that he accepted the offer after agreeing upon a weekly salary of $75 in addition to his compensation as superintendent. His job as superintendent was his only employment at the time. The petition alleges that his work week as superintendent was 7 days and 24 hours a day, and this allegation is not denied in respondent's answer but petitioner is "left to his proof." On two occasions during his testimony he referred to his work as superintendent as a "part time job," but it is not clear in either context whether this is to be taken to mean that he was free to take additional employment with any one except respondent.
Respondent supplied the paint and petitioner supplied his own brushes, ladders and some other equipment. Petitioner is not a painter by trade and was not in business as a painting contractor. Respondent told him what apartments to paint and inspected the results when he finished, but, except to drop in on him from time to time, gave no detailed supervision. "He never bothered me."
After two weeks respondent informed petitioner that the painting expense was exceeding the sum he had budgeted for *494 the purpose and that the salary would be discontinued and instead he would be paid at the rate of $10 per room. Petitioner worked on that basis "for over a year," and testified that the arrangement was still in effect at the time of the accident. He admitted that on some occasions, "few and far apart," he was helped by a relative who was paid by him.
This evidence does not justify the conclusion either that petitioner was a casual employee or that he was an independent contractor. Whether or not respondent's looking after his three apartment buildings can be considered his business, Clausen v. Dinnebeil, 125 N.J.L. 223 (Sup. Ct. 1940), an employment not connected with any business of the employer is nevertheless covered employment if it is regular, periodic or recurring. R.S. 34:15-36. The painting work was recurring employment, that is, a hiring to perform work at some future time, without further engagement, as the necessity therefor arose, as distinguished from a hiring to do a single piece of work. Forrester v. Eckerson, 107 N.J.L. 156 (E. & A. 1930); Jasnig v. Winter, 115 N.J.L. 320 (Sup. Ct. 1935), affirmed 116 N.J.L. 181 (E. & A. 1936); Rowell v. Bowers, 8 N.J. Misc. 720 (Dept. of Labor, 1930). Where the independent contractor relationship is found the hiring usually is to do a single piece of work. Clausen v. Dinnebeil, supra; Cappadonna v. Passaic Motors, Inc., 136 N.J.L. 299 (Sup. Ct. 1947), affirmed 137 N.J.L. 661 (E. & A. 1948); Hart v. Kimball, 122 N.J.L. 217 (Sup. Ct. 1939); Otmer v. Perry, 94 N.J.L. 73 (Sup. Ct. 1919); LaTerre v. Skillman, 7 N.J. Misc. 766 (Dept. of Labor, 1929). And, as it was recurring employment originally upon a straight salary basis, and not a hiring which ended upon completion of a specific job, and, from what we have before us, it appears petitioner might be discharged as painter at any time, or quit, and by reason of his superintendent's duties may not have been free to take painting work for others without respondent's consent, and as there was no written contract designating petitioner an independent contractor and the subject was not expressly mentioned in *495 their oral agreement, and as petitioner was not a painting contractor in business as such, we cannot view petitioner's testimony as establishing that he was an independent contractor; rather, the inference from his testimony is that the relationship was one of master and servant. Jasnig v. Winter, supra; Hiebert v. Howell, 59 Idaho 591, 85 P.2d, 699 (Idaho Sup. Ct. 1938); Eveland v. Newell Const. & Mach. Co., 230 Ia. 644, 298 N.W. 883 (Sup. Ct. Ia., 1941); McKinstry v. Guy, 116 Kan. 192, 225 P. 743 (Sup. Ct. Kan. 1924); Bosel v. Henderson Holding Co., 167 Minn. 72, 208 N.W. 421 (Sup. Ct. Minn. 1926); Flaharty v. Trout, 290 Pa. 315, 138 A. 863 (Sup. Ct. Pa. 1927); Brown v. Paterson Central Market Ass'n., 5 N.J. Misc. 1035 (Sup. Ct. 1927); Bollinger v. Wagaraw Building Supply Co., 18 N.J. Misc. 1 (Cty. Ct. 1939). In the circumstances he is not to be deemed an independent contractor because he supplied his own brushes and equipment and on a few occasions employed a helper, Brown v. Kremer, 124 N.J.L. 242 (Sup. Ct. 1940), or because he was not under continuous supervision  he seems to have had such supervision as the nature of the work required, Wadge v. Crestwood Acres, Inc., 20 N.J. Misc. 188 (Cty. Ct. 1942), affirmed 128 N.J.L. 551 (Sup. Ct. 1942), affirmed 129 N.J.L. 400 (E. & A. 1943); Walling v. American Needlecrafts, Inc., 139 F.2d 60, 63 (C.C.A. 1943). And that the arrangement was changed to a fixed price per room is not a controlling consideration; the manner of payment for services does not, standing alone, establish whether or not one is an independent contractor. Employees are often paid on a "piece rate" basis.
The judgment will be reversed in respect of the determination that the earnings for painting work are to be excluded in the compensation rate, with direction to the county court to remand to the Division of Workmen's Compensation for a rehearing and a new determination upon that issue. See Giacchi v. Richmond Brothers Co., 12 N.J. Super. 308 (App. Div. 1951). A new hearing is necessary not only because respondent is entitled to present his proofs as to the agreement *496 but also because if it is found that the extra work is compensable employment, an adequate record must be made as to the sums petitioner actually received on the "piece rate" basis within six months prior to the accident. R.S. 34:15-37. Costs to petitioner.