37 N.J. Super. 320 (1955)
117 A.2d 272
EDWARD E. CONDON, PETITIONER-RESPONDENT,
v.
LINDEN B. SMITH, T/A SUNSET VIEW FARMS, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 3, 1955.
Decided October 14, 1955.
*322 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. William Martin Cox argued the cause for the respondent-appellant (Messrs. Dolan and Dolan, attorneys; Mr. Lewis P. Dolan, of counsel).
Mr. Louis Winer argued the cause for the petitioner-respondent.
The opinion of the court was delivered by FREUND, J.A.D.
The petitioner, Edward E. Condon, a painter, sought a workmen's compensation award for injuries resulting from a fall from the roof of respondent's barn. This appeal is from concurrent findings by the Division of Workmen's Compensation and the County Court granting the award. The sole question for determination is whether the petitioner was an "employee" or an "independent contractor" within the meaning of the Workmen's Compensation Act.
The essential facts are not in dispute. The petitioner was in business for himself as a painting contractor and so represented himself to the public. In 1952 he had done some painting for the respondent at a flat contract price, at which time his status was admittedly that of independent contractor. Early in 1953 the parties entered into an agreement *323 whereby the petitioner was to nail and paint the roof of respondent's barn; he was to supply the material, to be reimbursed therefor and to be paid $2 per hour for his labor. No definite starting or finishing date was agreed upon, nor was there any agreement as to how many hours each day the petitioner should work.
The petitioner began the work on May 4, 1953. While working, the respondent approached him and asked whether he was covered by insurance. The petitioner said that his coverage was limited to his own liability and would not include respondent's liability for him. The respondent replied that he would arrange to have the petitioner covered under his Workmen's Compensation policy. Thereafter he did contact his insurance agent who advised him that the petitioner would be covered as requested. On May 13, 1953 the petitioner fell from the barn roof sustaining the injuries for which he seeks compensation. He was never carried on the respondent's payroll; payments were made to him upon receipt of bills without any income tax or social security deductions.
The petitioner urges this court to affirm the judgments below by applying the "two court" rule as stated in Hagerman v. Lewis Lumber Co., 24 N.J. Super. 120 (App. Div. 1952), affirmed 13 N.J. 315 (1953):
"Our former Court of Errors and Appeals held in workmen's compensation cases that where two independent and distinct tribunals, such as the Workmen's Compensation Bureau and the Court of Common Pleas, had reached the same conclusion on an issue of fact that the conclusion so reached should not be lightly disturbed by the appellate court."
The rationale of this rule is that where there is a factual dispute in the tribunals below, the findings of fact made there should be given determinative weight because they are in a position to observe the witnesses and judge their credibility. Here, there is no factual dispute, so that the problem of weighing conflicting evidence and judging credibility of witnesses is not present. Accordingly, in this *324 instance, the appellate court is in equally as good a position as the trial courts to determine the ultimate question from the undisputed facts and is not bound by the "two court" rule. Moreover, despite conflicting evidence and concurrent findings below, this court has the power to make new findings of fact where the necessities of justice so require. R.R. 4:88-13. Hagerman v. Lewis Lumber Co., supra.
The petitioner stresses the conversation between the parties respecting his being covered under the respondent's workmen's compensation policy. On the one hand, he contends that this fact is determinative of what the parties considered their relationship to be, i.e., employer-employee. On the other hand, he contends the respondent is now estopped from denying the existence of such a relationship. We do not agree, deeming it significant that the parties entered into their original agreement and the petitioner commenced work without any reference having been made to the subject of workmen's compensation insurance.
Dean Larson has observed that cases involving "services," such as repair or maintenance, raise the closest and most controversial questions in the field of compensation law. 1 Larson, Workmen's Compensation, § 45.31. However, the problems raised thereby must be solved and guideposts have heretofore been established by our courts.
"In cases of this type, where the nature of the employment relationship is brought into question, they must be resolved by a balancing of the various elements presented by the entire complex of facts with which the court is confronted. The element of control is the one most stressed in the cases." Piantanida v. Bennett, 17 N.J. 291, 294 (1955).
The record undisputedly shows that the petitioner was to be paid $2 per hour, that he supplied his own material and equipment, that he billed the respondent on his own business billheads which described himself as a painter and steeple-jack, that he was not carried on the respondent's payroll, that no income tax or social security deductions were made from payments to him, that the agreement was for one job *325 only, that he came and went as he pleased, that the respondent had no control over the details of the work, that by his own admission he was to do the job as he saw fit, and that he was his "own boss on the job."
Although neither the deputy director or the County Court seems to have given it much weight, in New Jersey the rule is that:
"* * * The determinative factor as to whether a person is an employee or an independent contractor for the purposes of workmen's compensation is control; the relationship of master and servant exists whenever the employer retains the right to determine not only what shall be done, but how it shall be done." De Monaco v. Renton, 18 N.J. 352 (1955).
Our courts have considered other factors in determining "status." In Clausen v. Dinnebeil, 125 N.J.L. 223 (Sup. Ct. 1940), where the petitioner, a carpenter, was hired to put a roof on respondent's house, payment to be $1 an hour for an 8-hour day, the court held the employment to be casual and not compensable. Cf. Otmer v. Perry, 94 N.J.L. 73 (Sup. Ct. 1919). In Hart v. Kimball, 122 N.J.L. 217 (Sup. Ct. 1939), the petitioner was engaged to complete a roofing job, payment to be $3 per "square" of shingle applied. He was told what was to be done, but not how to do it. The court held him an independent contractor. In Forrester v. Eckerson, 107 N.J.L. 156 (E. & A. 1930), and Fitzpatrick v. Haberman, 16 N.J. Super. 490 (App. Div. 1951), it was held that hiring for a single job rather than for recurrent employment is indicative of an independent contractor relationship. In Cappadonna v. Passaic Motors, Inc., 136 N.J.L. 299 (Sup. Ct. 1947), affirmed 137 N.J.L. 661 (E. & A. 1948), the petitioner, a carpenter, was hired to do carpentry work at $15 per day. He presented a weekly bill for his services and those of his helpers, no social security or unemployment compensation deductions being made from payments to him. He was free to work by whatever means he chose; and was held to be an independent contractor. Cf. Armitage v. Trustees of Mt. Fern. M.E. Church, 33 N.J. Super. 367 (Cty. Ct. 1954).
*326 In those cases where our courts have determined that an employer-employee relationship existed, they have found that the employer had the power to exercise control over the details of the employee's work. American Carrier Corp. v. Avigliano, 123 N.J.L. 490 (Sup. Ct. 1939); Wadge v. Crestwood Acres, Inc., 128 N.J.L. 551 (Sup. Ct. 1942), affirmed 129 N.J.L. 400 (E. & A. 1942); Shaffer v. Brown, 32 N.J. Super. 413 (App. Div. 1954); Piantanida v. Bennett, supra; De Monaco v. Renton, supra. We are satisfied that in the instant case the undisputed testimony before us conclusively supports a finding that the agreement between the parties never contemplated that the respondent exercise control over the details of the work to be done, and, in fact, he did not do so. Wilson v. Kelleher Motor Freight Lines, Inc., 12 N.J. 261 (1953); Cappadonna v. Passaic Motors, Inc., supra.
The absence of control over the details of the work, added to the other indicia of independent contractor relationship here present, requires an independent finding that the petitioner was not an "employee" within the meaning of the Workmen's Compensation Act. R.R. 4:88-12. Accordingly, the judgment is reversed.