86 N.J. Super. 453 (1965)
207 A.2d 203
NICHOLAS DEE, PETITIONER-APPELLANT,
v.
EXCEL WOOD PRODUCTS CO., INC., RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 8, 1965.
Decided February 17, 1965.
*455 Before Judges CONFORD, KILKENNY and LEWIS.
Mr. Aaron Gordon argued the cause for appellant.
Mr. Edward B. Meredith argued the cause for respondent.
The opinion of the court was delivered by KILKENNY, J.A.D.
Petitioner was injured on August 17, 1961 while he was painting the previously unpainted exposed woodwork on the exterior of respondent's newly constructed industrial building in Lakewood, New Jersey. A ladder supporting a scaffold, both furnished by petitioner himself, gave way and he fell to the ground. Petitioner filed a claim petition for workmen's compensation. The Division determined that petitioner was in the employ of respondent at the time of the accident and made an award in his favor for temporary and permanent disability. On the employer's appeal, the Ocean County Court ruled that petitioner had failed to prove that he was an employee at the time of his injuries, set aside the award granted by the Division, and dismissed the claim petition. Petitioner appeals from this adverse judgment.
The question to be resolved is whether petitioner was an employee or an independent contractor at the time of the accident in issue. We have made our own independent study and appraisal of the record, as required by Russo v. United States Trucking Corp., 26 N.J. 430 (1958), and Ricciardi v. Marcalus Mfg. Co., 26 N.J. 445 (1958). We reach the conclusion that petitioner has not sustained the burden of proving by a preponderance of the evidence that he was an employee of respondent at the time of the accident. We find that he was at that time an independent contractor. Accordingly, *456 the judgment of the County Court, dismissing the claim petition, is affirmed. We note hereinafter the reasons which prompt our determination.
Petitioner was in business for himself as a painting contractor. He had his own business cards. He billed for work done. He had and used his own paint brushes, ladders and equipment. We are aware that petitioner was also a member of a painters union and occasionally obtained employment as a painter through the business agent of the union. The painting work involved herein was not obtained through the union or its business agent. Rather, petitioner was engaged to do this paint job under the circumstances hereinafter noted.
One Grabow sold paint and painting materials. He learned that respondent had a painting job to be done. On August 7, 1961 Grabow advised petitioner, one of his customers, as to the availability of this job. Petitioner called on Jack Landman, president of respondent, and presented his business card. Landman had some painting work to be done for his new Lakewood home. There were some windows at Freehold Lumber Company which required painting before being installed in the new house. An arrangement was entered into whereby Landman would furnish the paint needed for the job and petitioner would perform the labor, using his own brushes. Petitioner was authorized to pick up any paint he thought necessary at Grabow's store and have the same charged to Landman's account. Instead of a flat price for labor for the entire job, the parties agreed that petitioner would receive $2.50 per hour for each hour of labor performed. Petitioner alone decided when the work would be done and the hours to be worked. This job was completed without incident in two days at Freehold Lumber Company and petitioner billed for the number of hours worked at the hourly rate.
Landman then showed petitioner some garage doors and overhead outside woodwork on a new addition to respondent's factory building which needed painting. This building is 90% brick and block, the remaining 10% being wood. Respondent *457 used the building in the manufacture of kitchen cabinets, counter tops and plastic forms. This factory addition had been constructed about a year prior, but some of the exposed woodwork, particularly a wooden overhang in front about 200 feet long, had never been previously painted. Petitioner looked over the work to be done, said he knew what to do, went to Grabow's to pick out the paint to be charged to respondent's account, and undertook to perform the labor for $2.50 per hour. Petitioner was to use his own brushes and equipment. Landman offered petitioner the use of respondent's ladders, but petitioner declined the offer, stating: "I have ladders of my own and I trust my ladders before any kind of ladder." Petitioner was under no orders as to when he would begin and when he would finish the job. The days when he would work and the number of hours were left to his own convenience. Other than for a general understanding as to the work to be done, petitioner was subject to no control as to the paints to be selected or the manner of their application. The work was of a limited and relatively short duration. There was no assurance of any further work by respondent when this special job was done. There was a possibility of more painting in Landman's home. While doing this job for respondent corporation and using his own ladders and equipment, petitioner suffered the injuries for which he filed his workmen's compensation claim.
Petitioner relies heavily on the fact that when he billed respondent after the accident for the hours of labor performed to the time of the accident, respondent sent him a check drawn on a payroll account and made deductions from the amount due him for social security and withholding taxes. Petitioner argues that this conduct constitutes a recognition by respondent of petitioner's status as an employee. While such deductions may have some probative value on the issue of whether an employment status existed, neither the making nor the failure to make such deductions is dispositive of an issue of this type. We are satisfied from the evidence that the payment of petitioner's bill in this manner ex post facto was *458 due to inadvertence by respondent's office staff and without any intention on the part of respondent of creating or recognizing an employee status. We have held that the real status of a person as an employee or independent contractor cannot be altered by any false label put on that status. Brower v. Rossmy, 63 N.J. Super. 395, 404 (App. Div. 1960); Buchner v. Bergen Evening Record, 81 N.J. Super. 121, 128 (App. Div. 1963).
While petitioner was to be paid by the hour, he was not to be paid until the end of the job, when he would submit a bill for the hours of labor performed. "Mere payment by the hour is not inconsistent with the status of independent contractor." Petrone v. Kennedy, 75 N.J. Super. 295, 304 (App. Div. 1962).
Condon v. Smith, 37 N.J. Super. 320 (App. Div. 1955), affirmed o.b. 20 N.J. 557 (1956), involved a factual situation essentially similar to that herein. In that case, a painting contractor entered into an agreement with the owner of a barn to nail and paint the roof of the barn. The contractor was to supply the materials and be reimbursed therefor by the owner. The painter was to be paid $2 an hour for his labor. He was free to come and go as he pleased and to do the job as he saw fit. The owner had no control over the details of the work. It was held that he was an independent contractor rather than an employee within the meaning of the Workmen's Compensation Law. Except for the inadvertent deductions for social security and withholding taxes, which respondent's office manager ascribed to a mistake on his part because Landman had told him petitioner was a "contractor," the factual pattern in the instant case is substantially the same as in Condon v. Smith and warrants a similar conclusion. The tax deduction factor does not, in view of the explanation thereof, justify a designation of petitioner as an employee when the totality of the facts indicates his real status as that of an independent contractor. Whether or not a person was an employee must be determined "upon the totality of the *459 facts surrounding the relationship." Buchner v. Bergen Evening Record, supra, 81 N.J. Super., at p. 128.
Petitioner maintains that "the relative nature of the work" test would constitute him an employee because his painting of this industrial building was maintenance work and he was economically dependent upon respondent for his livelihood. Reliance is placed on Hannigan v. Goldfarb, 53 N.J. Super. 190, 205 (App. Div. 1958), and the dissent in Marcus v. Eastern Agricultural Ass'n, Inc., 58 N.J. Super. 584, 603 (App. Div. 1959), adopted on reversal in 32 N.J. 460 (1960).
To determine whether a person is an employee under the "relative nature of the work" test, we apply certain criteria. One criterion is that the work performed must be a part of the regular business of the employer. It was such in Hannigan and Marcus. Petitioner's work herein as a painter was not a part of respondent's regular business as a manufacturer of kitchen cabinets, counter tops and plastic forms. Maintenance of a business establishment may in certain circumstances be an integral part of the business. Many large plants have maintenance crews, regularly and continuously engaged in performing services to keep the business building, machinery and equipment in good order and repair. Such persons may properly be found to be employees. Moreover, maintenance work by a nonpermanent workman may, if a regular, recurring and substantial part of the employer's work, and done for that employer by the particular workman over a relatively substantial period of time, constitute the relationship between the parties one of employer-employee. 1 Larson, Workmen's Compensation Law, pp. 670, 672. In such circumstances the second criterion of the "relative nature of the work" test  economic dependence of the employee  may be found to exist. See also Tofani v. LoBiondo Brothers Motor Express, Inc., 83 N.J. Super. 480, 493 (App. Div. 1964), affirmed o.b. 43 N.J. 494 (1964).
But, "it must also be conceded that every businessman cannot be held to be the direct employer of every plumber, electrician *460 or painter that he might call on to do necessary work on the premises." 1 Larson, Workmen's Compensation Law, pp. 668-669. "A sort of `theory of relativity' therefore becomes necessary. The independence of these artisans is not to be determined by looking at the artisan or job alone, but by judging how independent, separate and public his business service is in relation to a particular employer." Ibid.
Petitioner was in business for himself. He was free from the normal restraints of the employment relationship. He testified that when he did a job through the union, "The union boss gave me a brush. I don't use my own brush." When he did work on his own, as here, he used his own brushes, large or small, as he determined. Once engaged to do this job, he could go and come as he pleased. Respondent had a time clock and time cards but this petitioner did not punch any time clock. He decided how many hours he would work on any particular day. He testified that he worked as little as three hours and never worked eight hours any day on this job. Painting this overhang and the garage doors was a job of relatively short duration. Landman testified the overhang was about 200 feet long. Petitioner described it as about six feet wide. We do not know how far he had progressed toward completion, but he had worked only 52 hours over a span of several days. When this work was done for respondent, he was through as far as it was concerned. This was not a continuing job for respondent. Besides the brick and block, the factory was essentially of metal construction. A repainting of this outside woodwork would not be needed again for some years thereafter. Hence, this "one-shot" painting odd job was but another of the many jobs which petitioner would undertake for the market in the conduct of his business as a painting contractor.
Petitioner did not have an economic dependence upon respondent analogous to that which existed in Hannigan and Marcus. He had no more economic dependence on respondent than any independent contractor has upon a person who hires him to do any specific job. The mere fact that a person depends *461 upon the many others with whom he does business for earning his livelihood is not per se sufficient to establish a relationship of employer-employee. If the converse were true, then every independent contractor would be covered by the workmen's compensation law. The law has not yet reached that point. Petrone v. Kennedy, supra.
Petitioner did not sustain the burden of proving that he was an employee of respondent. Accordingly, the judgment of the County Court, dismissing his claim petition, is affirmed.