**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0345-19T1

JENNIFER A. LAROSA,

     Plaintiff-Respondent,

v.

PETER BENZA,

     Defendant-Appellant.

_____

> Argued October 1, 2020 – Decided October 27, 2020
>
> Before Judges Vernoia and Enright.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FM-07-0731-13.
>
> Marianne Zembryski argued the cause for appellant.
>
> Kathy Karas-Pasciucco argued the cause for respondent (Feitlan, Youngman, Karas & Gerson, LLC, attorneys; Kathy Karas-Pasciucco and Frederick Gerson, on the brief).

PER CURIAM

Defendant Peter Benza appeals from an August 29, 2019 order awarding his former wife, plaintiff Jennifer LaRosa, $7377.35 in counsel fees. We affirm.

The parties are divorced and have two teenage sons. In November 2012, they entered into a Marital Settlement Agreement (MSA), which was incorporated into their 2013 Dual Judgment of Divorce. In January 2019, plaintiff moved to enforce the MSA, seeking: (1) reimbursement for defendant's share of their children's expenses; (2) permission for the children to travel and participate in extracurricular activities; and (3) an award of attorney's fees. Plaintiff claimed she contacted defendant multiple times concerning the child-related issues, but he either withheld consent for the children to participate in activities, refused reimbursement for his share of their expenses, or did not respond to her requests. Plaintiff's motion was supported with copies of communications she and her attorney sent to defendant and his counsel between September 2018 and January 2019, requesting reimbursement for the children's medical expenses, extracurricular activities, and school lunches.

Following extensive oral argument on May 13, 2019, the motion judge directed defendant to reimburse plaintiff $4545.54 for his share of expenses due under the MSA. She also awarded plaintiff counsel fees in an undetermined

A-0345-19T1

amount, pending receipt of an updated certification of services from plaintiff's counsel and defendant's response to same.

In support of her decision to award counsel fees, the motion judge noted that, although defendant contended he did not owe the total sum requested by plaintiff, he conceded he was responsible for some reimbursements. The judge observed:

> But he paid none of the ones that were supposed to be paid. Even in his own exhibit, there are charges there that he agrees he should have paid. He still hasn't paid to this day. The necessity of having to file an application for the children to go on vacation with the plaintiff, for the children to participate in sports -- there just is no reason why this motion should have had to have been filed.
>
> He's not paying any child support whatsoever. Certainly[,] it's not a financial thing.
>
> . . . .
>
> [His income of ] $112,000 a year is all for him -- all for the benefit of him. He certainly could have paid these extracurricular activities and medical expenses for the reimbursement. He didn't even do that, causing this motion to have to be filed.
>
> And this isn't the first one. There's been more . . . . So, I am going to award counsel fees.

Defendant did not appeal from the May 13, 2019 order. On August 29, 2019, the judge awarded plaintiff $7377.35 in counsel fees, although the record

A-0345-19T1

reflects that plaintiff represented she incurred over $17,000 in counsel fees and costs to pursue her enforcement application. In the judge's statement of reasons, she itemized those legal services provided by plaintiff's counsel which she deemed reasonable, noting the hourly rates and the time expended for those services.

On appeal, defendant argues the fee award should be reversed because the motion judge did not perform the requisite analysis under Rule 5:3-5(c) and applicable case law. We are not persuaded.

In Mani v. Mani, the Court summarized Rules 5:3-5(c) and 4:42-9(b) as follows:

> In a nutshell, in awarding counsel fees, the court must consider whether the party requesting the fees is in financial need; whether the party against whom the fees are sought has the ability to pay; the good or bad faith of either party in pursuing or defending the action; the nature and extent of the services rendered; and the reasonableness of the fees.
>
> [183 N.J. 70, 94-95 (2005) (citations omitted).]

"'Where one party acts in bad faith, the relative economic position of the parties has little relevance' because the purpose of the award is to protect the innocent party from unnecessary costs and to punish the guilty party." Yueh v. Yueh, 329 N.J. Super. 447, 461 (App. Div. 2000) (quoting Kelly v. Kelly, 262

4

N.J. Super. 303, 307 (Ch. Div. 1992)).  Bad faith may consist of a party's "constant disregard" of court orders, id. at 460; or the "intentional misrepresentation of facts," Borzillo v. Borzillo, 259 N.J. Super. 286, 294 (Ch. Div. 1992).

Next, we note that at page thirty-one of the parties' MSA, they agreed:

> Nothing herein contained shall be deemed or construed as a waiver or denial of either party's right to secure payment of counsel fees for any breach by the other of the terms of this agreement.  In the event of such breach, the breaching party shall be responsible for any and all legal fees arising from same.

There is a "'strong public policy favoring stability of arrangements' in matrimonial matters." Konzelman v. Konzelman, 158 N.J. 185, 193 (1999) (quoting Smith v. Smith, 72 N.J. 350, 360 (1977)).  Matrimonial settlement agreements are "governed by basic contract principles," Quinn v. Quinn, 225 N.J. 34, 45 (2016), and "fair and definitive arrangements arrived at by mutual consent should not be unnecessarily or lightly disturbed," id. at 44 (quoting Konzelman, 158 N.J. at 193-94).  Indeed, as we have previously observed, a trial court's failure to give effect to a counsel fee award provision in an MSA constitutes an abuse of discretion.  See Strahan v. Strahan, 402 N.J. Super. 298, 317 (App. Div. 2008).

A-0345-19T1

Under Rule 5:3-5(c), a trial court has discretion to award counsel fees in matrimonial actions. Tannen v. Tannen, 416 N.J. Super. 248, 285 (App. Div. 2010) (citing Eaton v. Grau, 368 N.J. Super. 215, 225 (App. Div. 2004)). "We will disturb a trial court's determination on counsel fees only on the 'rarest occasion,' and then only because of clear abuse of discretion." Strahan, 402 N.J. Super. at 317 (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)).

Here, we discern no abuse of discretion. It is evident the motion judge tethered her award of counsel fees to her May 13, 2019 ruling, when she found defendant acted unreasonably by withholding consent to the children's activities, and by withholding payments he agreed were due to plaintiff, even though he enjoyed the exclusive use of his significant earnings. As the judge observed, it was this recalcitrant behavior that caused "this motion to have to be filed. And this isn't the first one. There's been more."

Given defendant's ongoing bad faith and intransigence, we see no reason to second guess the amount of counsel fees awarded, particularly since the sum was fixed only after the judge considered defendant's opposition to the award and after the requested fee was adjusted for reasonableness. Moreover, the defendant's objections to the amount of the award ring hollow, in light of the

provision in the MSA that a "breaching party shall be responsible for any and all legal fees arising from [the breach]."

Defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0345-19T1